Robertson *v.* State.

## JAMES ROBERTSON *v.* THE STATE.

1. CRIMINAL LAW. *Jury. Officer. Record.* The failure of the minutes of the Circuit Court to show that the jury returned into Court *in charge of their officer* is not revesible error.

2. SAME. *Same. Challenge.* A person peremptorily challenged on a former trial is competent to be placed on a succeeding panel of jurors.

3. SAME. *Same. Judges of the Law.* It is not error to charge the jury that they cannot arbitrarily disregard the law as charged by the Court.

4. SAME. *Opinion of Supreme Court* The opinion of the Supreme Court on a former hearing on the facts of the case is not evidence on a subsequent trial.

5. SAME. *Reasonable doubt.* A verdict of guilt negatives presumption of innocence, and the Supreme Court will not reverse on facts unless the evidence preponderates against the verdict.

FROM DYER.

Appeal in error from the Circuit Court of Dyer County.  J. T. CARTHEL, J.

T. E. RICHARDSON for Robertson.

Attorney-General LEA for The State.

McFARLAND, J., delivered the opinion of the Court.

Conviction for voluntary manslaughter.

1st. The jury were placed in charge of an

officer properly sworn, but the record of the next day does not show that the jury returned in charge of the officer.

There is no error in this. It is not necessary that the record should affirmatively show that the officer did his duty. In the absence of anything to the contrary, this will be presumed.

2nd. A juror was presented who had been peremptorily challenged by the prisoner at a former trial

This was cause for challenge. The juror being otherwise competent, the fact that he had been on a former panel did not disqualify him. The challenge at the former trial by the prisoner only meant that at that time he preferred other jurors upon the panel. He having been presented the last time with a full panel of competent jurors, and allowed his full number of challenges, has no ground to complain

There was no error in the charge of the Judge telling the jury that they could not arbitrarily disregard his instructions as to the law. This Court has gone much further in this respect than the Circuit Judge meant in his charge. See case of *McLean* v. *State.* Nor was there any error in his telling the jury that the opinion of this Court upon a former hearing was not evidence as to the facts.

The only question in the case is whether the verdict is sustained.

The question in the case was whether the kill-

ing was purposely done or resulted from the accidental firing of a pistol while the parties were engaged in a playful rencounter.

The cause has been tried four several times, each time resulting in a verdict against the defendant. It was here at the last term, and was reversed for error in the charge, the opinion delivered by Judge Cooper expressing strong doubts of the defendant's guilt. Notwithstanding this, however, he has been again convicted, under a very fair and impartial charge, and the Circuit Judge has refused to disturb the verdict.

The only additional testimony heard on the last trial was to show that the defendant and deceased had had a difficulty shortly before the killing, which, though not of a very serious character, did tend somewhat to strengthen the case against the defendant.

My conclusion upon the testimony is that it does not preponderate against the verdict, and while there may be doubt as to the defendant's guilt, it is settled that the Court does not reverse upon a mere doubt, although a jury might have entertained a doubt, their verdict having negatived the doubt.

The judgment should be affirmed.