Harless *v.* State.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

Stacy J. Grayson, of Bristol, for plaintiff in error.

J. Malcolm Shull, Asst. Atty. Gen., for the State.

Mr. Justice Burnett delivered the opinion of the Court.

This is an appeal from convictions of driving while drunk and reckless driving, with punishment fixed by the

jury, on request under applicable statutory enactment, to a jail sentence of 30 days and a $50 fine for each offense.

The assignments aver that, (1 and 2) the evidence preponderates against the verdict; (3) that the trial court erred in overruling a motion for a directed verdict, and that (4) error was committed in admitting hearsay evidence.

The evidence, in narrative form, shows that a highway patrolman arrived at the scene of an automobile wreck, pursuant to a radio report, about thirty minutes after the wreck. He found two cars slightly damaged on the plaintiff in error's side of the road. The plaintiff in error was present and admitted driving the car, and according to the officer he was under the influence of an intoxicant. The officer also says another person was at the scene of the wreck, while the officer was there, and said the plaintiff in error was drunk, and that the plaintiff in error made no response. Another witness said the plaintiff in error admitted driving the car, and that he was unsteady on his feet. No objection was offered to any testimony insofar as this record shows.

██ No objection being interposed to the testimony of the officer as to what a bystander said it may properly be considered and given its natural probative effect as if it were in law admissible. *Barlow* v. *Verrill,* 88 N. H. 25, 183 A. 857, 104 A.L.R. 1130. Long ago this Court observed in *Baxter* v. *State,* 83 Tenn. 657, that parties ''May admit illegal evidence if they don't choose to object, if they do not want to admit it, they should object as soon as it is offered''.

The plaintiff in error asserts that there is no evidence of his guilt except his admissions and that, therefore, he

cannot be convicted. He relies on *Ashby* v. *State,* 124 Tenn. 684, 139 S. W. 872, 875, in support of this assertion. In that case this Court said:

"The rule upon this subject, as announced by the later authorities, and the great weight of authority, is that, while the *corpus delicti* cannot be established by confessions alone, yet the confessions may be taken in connection with other evidence, direct or circumstantial, corroborating them, and, if from all of the evidence so considered together the *corpus delicti* and the guilt of the person with reference thereto is established beyond a reasonable doubt, it is the duty of the jury to convict. . .

"Undoubtedly some evidence of the *corpus delicti* should precede the introduction of the confessions of the prisoner, to the extent at least of showing, *prima facie* (1 Elliott on Ev., Section 292), that a crime has been committed . . . But, if the wrong order be followed in the trial court, it is not reversible error. See cases cited in division V., p. 79, of 68 L.R.A., note to *Bines* v. *State.* All of the elements constituting the *corpus delicti* may be proven by circumstantial evidence."

■ In the instant case we have the plaintiff in error present after the wreck of two cars which had collided. He does not produce the driver of the other car to show under what circumstances they collided. His failure to produce this other driver, when there is no showing of an effort to produce him, gives rise to a presumption that if he were introduced his evidence would be against the plaintiff in error. *Ford* v. *State,* 184 Tenn. 443, 449, 201 S. W. 2d 539.

■ The failure of the plaintiff in error to deny the statement of the bystander that he was drunk, is a circumstance to which the jury was entitled to give consid-

eration. *Camper* v. *State,* 187 Tenn. 511, 216 S. W. 2d 18, 19.

When we take these things plus the physical surroundings we readily see there was other evidence and circumstances, which corroborated the admissions of the plaintiff in error.

By the verdict of the jury the presumption of innocence is converted into one of guilt in this Court. *Turner* v. *State,* Tenn. Sup., 219 S. W. 2d 188.

The counts of the indictment charging driving while drunk and reckless driving grew out of one and the same transaction. The punishment of the plaintiff in error cannot thus be pyramided. The result is we will follow the recommendation of the Attorney General and modify the judgment so as to impose only one fine and one jail sentence. As thus modified the judgment must be affirmed with costs.

All concur.