# WALTER HERMAN, JR., and JAMES EDWARD MITCHELL, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 453 S.W.2d 421.

Court of Criminal Appeals of Tennessee. Dec. 29, 1969.

Certiorari Denied by Supreme Court April 6, 1970.

I. H. Murphy, Memphis, for Walter Herman, Jr.

Harry U. Scruggs, Jr., and Hugh W. Stanton, Sr., Memphis, for James Edward Mitchell.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Don A. Dino and John W. Pierotti, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

Walter Herman, Jr., and James Edward Mitchell were jointly indicted and tried upon a charge of the armed robbery of Kimpee's Korner Kash Grocery in Shelby County. They were each found guilty and sentenced to

serve ten years in the penitentiary. From their respective convictions and resultant sentences, each has perfected his appeal and assigned error for our adjudication.

Mitchell contends that there is no evidence to sustain the verdict of the jury, and that the verdict of the jury is contrary to the law and the evidence.

Herman, represented by privately retained counsel, relies upon the same assignments of error relative to the sufficiency of the evidence; and, in addition, contends that error was committed when the trial court failed to dismiss the indictment upon a showing that Herman had no counsel when placed in a line-up and when subsequently confronted in an office by the complaining witnesses; and also contends that it was reversible error for the trial court to overrule his objections to the courtroom identification of him, in the light of the prior illegal line-up and confrontation.

The grocery store robbed was operated by Mrs. Margaret Brown and her husband, E. N. Brown. On the morning of July 22, 1967, Mrs. Brown was at the check-out counter and her husband was outside waiting on a customer purchasing gasoline. Two men, previously unknown to Mrs. Brown, were in the store. One of them brought a sack of groceries over to the check-out counter, put them down, and pointed a pistol at her and demanded the money. The other man came over and took fifty cents out of her pocketbook. The first man took $312.00 from the cash register. She obeyed a command to lay down on the floor. Mr. Brown came into the store as the two men were leaving, and saw them. He had also conversed with each before going outside. They left by automobile which had been left parked outside.

The sheriff's office was called and an immediate investigation commenced. Mr. and Mrs. Brown were questioned. Later that evening, at about 11:00 p.m., a Lieutenant Jones of the sheriff's office brought a series of pictures out to their home for the Browns to view, and from the pictures they both identified Mitchell as being one of the robbers. They were asked to go to Lieutenant Jones' office the following Monday morning (this was Saturday) to view a line-up of men. In the line-up she recognized Herman. Mr. and Mrs. Brown later went into an office where only Herman was brought. She identified Herman as the robber with the gun. Herman had no counsel at the line-up or confrontations, and did not waive his right to have counsel present.

The State introduced other evidence tending to link Herman and Mitchell to the crime, in addition to the in-court positive identifications of Mr. and Mrs. Brown. Neither of the defendants testified, but Mitchell did introduce four character witnesses.

■ Unquestionably this evidence does not preponderate against the guilt and in favor of the innocence of either of these defendants. Hence, the assignments of error going to the sufficiency of the evidence and the failure of the trial judge to direct a verdict are overruled.

A question of alleged error is presented by Herman relative to his not being represented by counsel at the time of the line-up and subsequent confrontation.

■ ■ Upon the trial, Mrs. Brown was permitted to testify without objection, unequivocally identifying each defendant. She testified in detail as to how Herman was dressed. On cross-examination by Herman's attorney,

she was positive in her identification. She was also asked in detail about the line-up and the confrontation. Then, at the close of his cross-examination, Herman's attorney moved that "the indictment against Walter Herman be dismissed based on the witness' statement that in her confrontation with the accused in Lieutenant Jones' office when he was being subject to scrutiny for identification purposes by her and again in the line-up that the very fundamental right of the accused as in the Sixth Amendment was violated and that is that he did not have counsel." The trial judge overruled this motion, and this is assigned as error. This motion was again made and overruled at the close of all the proof. We do not think that the absence of counsel at a lineup or confrontation requires an automatic dismissal of the charge, so do not find error in the court's denial of this motion to dismiss. Under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, the constitutional right to counsel in these situations is declared, but they do not hold such a constitutional violation voids the indictment. What they hold is that in *some cases* it is reversible error requiring a new trial to *admit in evidence* courtroom identification testimony by a witness who identified the accused in a pre-trial line-up or show-up during which he was not represented by counsel and had not intelligently waived the right to such representation. In *Wade,* the Court held that absence of counsel at a pre-trial line-up renders courtroom identification inadmissible *unless it is based upon observations of the accused other than at the line-up.* And the Court held that the proper test in determining whether denial of a motion to strike courtroom identification (which, as well as time-

ly objection to the courtroom identification, is the way to attack this constitutional deprivation) requires a new trial at which such evidence may be excluded is whether the courtroom identification testimony *to which objection is made* has been come at by exploitation of that illegality or, instead, by means sufficiently distinguishable to be purged of the primary taint. In this connection, the Court said: " * * * Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup."

At the very close of her testimony, on re-direct examination, Mrs. Brown was asked if she was making her identification of the two defendants that day in the courtroom based upon the line-up in Mr. Jones' office or "at the time of the robbery." She answered, "'When I saw them at the store."

Mr. Brown testified about his conversations with the defendants, and was permitted, without objection, to identify them. On cross-examination, he admitted that he could not identify Herman in the line-up, but knew him when he was brought into Lieutenant Jones' office. Herman was apparently never identified from his photograph by either of these witnesses. The line-up was apparently a fair one.

There is no evidence that Mrs. Brown's courtroom identification of Herman was based upon anything other than her remembrance of him from the time of the robbery, just as she testified. Mr. Brown's testimony is not so untainted. He apparently was unable to identify Herman in the line-up, and then was present in Lieutenant Jones' office when his wife identified Herman there. Subsequently, upon the trial, he was quite positive. This could hardly be said to be clearly untainted. However, the trial court was not asked to rule upon its admissibility as such.

 It is noteworthy that the State did not attempt to prove the out-of-court identification of Herman either at the line-up or the confrontation. Their evidence was prefaced upon recognition in court from observations at the time of the robbery. Evidence of such out-of-court identifications would have been clearly incompetent, and the in-court identifications had to have been shown to have had an independent origin to be competent. Greer v. State, Tenn.Cr.App., 443 S.W.2d 681. If the in-court identification had an independent origin, it is competent. Greer v. State, supra. This court, speaking through Judge Walker, our presiding judge, set out quite clearly in *Greer* the procedure to be followed in determining the admissibility of such contested in-court identification, prescribing a hearing by the Court out of the presence of the jury to determine competency. It is fundamental that such an illegal line-up or confrontation does not void the indictment, as contended here. It is equally fundamental that the tainted incourt identification (if any) must be objected to when asked for, or a motion to strike it made. We cannot consider alleged error in the admission or exclusion of evidence as to

which no objection was made in the trial court. Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385; Turner v. State, 188 Tenn. 312, 219 S.W.2d 188; Nichols v. State, 200 Tenn. 65, 289 S.W.2d 849; Harless v. State, 189 Tenn. 419, 225 S.W.2d 258; Baxter v. State, 83 Tenn. 657.

The errors assigned are without merit. The judgment of the trial court is affirmed.

HYDER and MITCHELL, JJ., concur.