Daniel Leon **LUALLEN**, Petitioner-Appellant,

v.

William S. **NEIL**, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 71-1140.

United States Court of Appeals, Sixth Circuit.

Dec. 29, 1971.

Kenneth E. Morrow (Court appointed), Knoxville, Tenn., for appellant.

James C. Dale, III, Special Counsel, State of Tennessee, Nashville, Tenn., David Pack, Atty. Gen., Nashville, Tenn., of counsel, for appellee.

Before WEICK, EDWARDS and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus, 321 F.Supp. 1236. Petitioner has exhausted the remedies available to him in the Courts of the State of Tennessee. The records of all proceedings in the State Courts were examined by the District Judge and have been examined by this Court.

The basic facts are not in dispute. The murder of a prominent contractor occurred in Roane County, Tennessee, on March 21, 1950. Petitioner was arrested on or about March 24, 1950, and together with two other men was indicted for the murder. Shortly after his arrest petitioner announced that he would not make any statement until he had an opportunity to confer with his attorney. Ten days later one Eddie Rudder, who had confessed to his part in the murder, was brought to the jail where the petitioner was being held and in the presence of the petitioner, the sheriff and several other individuals, Rudder related his confession which clearly implicated the petitioner. Petitioner's counsel was not present at this time and the petitioner remained silent throughout the entire incident. At trial Rudder testified that the petitioner was involved in the commission of the crime and the sheriff, over objection by petitioner's counsel, was permitted to testify as to the statement made by Rudder in the jail in the presence of the petitioner, and further testified as to petitioner's

silence. The petitioner did not take the witness stand during the trial.

Between the time of the murder and the commencement of the trial, on June 12, 1950, there was a considerable amount of publicity concerning the murder and the persons who had been charged with the commission of the murder. Petitioner's counsel made a motion for change of venue asserting that the publicity had created such excitement as to preclude the possibility of the petitioner obtaining a fair trial. The hearing on this motion was held on June 13, 1950. The record from the court in which the trial was conducted reveals that the bulk of the testimony shows that there was a considerable amount of interest in the trial, but there is nothing in that record to demonstrate any undue excitement. The motion for change of venue was denied.

Petitioner also makes reference to an alleged mob which he asserts had gathered around the courthouse at the time of the commencement of the trial and while the jury was being drawn. According to the witnesses who testified during post-conviction proceedings the petitioner's allegations in this respect are grossly exaggerated.

Petitioner has raised three issues: (1) whether he was denied his constitutional rights against self-incrimination because of admission into evidence of the fact that he remained silent in the face of accusatory remarks made by Rudder; (2) whether he was deprived of his right to counsel when he was confronted with the incriminating statements at the jail, and (3) whether the pretrial publicity and the presence of the alleged mob denied to the petitioner a fair trial in violation of the constitutional guarantee of due process of law.

■ At the time of petitioner's trial in 1950 the silence of an accused, when accusations were made against him by an alleged accomplice, was evidence which the jury was permitted to consider under the laws of the State of Tennessee. Harless v. State, 189 Tenn. 419, 225 S.W.2d 258 (1950); Camper v. State, 187 Tenn. 511, 216 S.W.2d 18 (1949); Watson v. State, 184 Tenn. 177, 197 S.W.2d 802 (1947). The use of such tacit admissions in Federal criminal cases has long been condemned by this Court. United States v. Brinson, 411 F.2d 1057 (6th Cir., 1969); McCarthy v. United States, 25 F.2d 298 (6th Cir., 1928). The use of such testimony was outlawed in state court proceedings in Miranda v. Arizona, 384 U.S. 436, 468, n. 37, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966), wherein the Court said:

> "In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation."

and in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

■ However, the decision in *Miranda* has not been given retroactive effect, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and neither has the decision in *Griffin*. Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966). Since the admission of the testimony about which the petitioner complains was constitutionally permissible at the time he was tried we find no abuse of his Constitutional Rights. We are forced to the same conclusion in regard to the petitioner's claim that he was denied his right to counsel. At page 471 of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, at page 1626, 16 L.Ed.2d 694, the Supreme Court said in regard to the right to counsel during interrogation while in custody:

> "Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interroga-

tion under the system for protecting the privilege we delineate today."

But, again *Miranda* has been held not to be retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and, therefore, there was no deprivation of the petitioner's Constitutional Rights when he was interrogated in the presence of Rudder in the absence of his counsel.

■ There can be no doubt that the presence of mob influence during the course of a trial may be such as to constitute an actual interference with the course of justice as a result of which an accused may be denied his right to the due process of law. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923); Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969 (1915), and Carruthers v. Reed, 102 F.2d 933 (8th Cir., 1939), but there was no evidence of the existence of any such mob influence during the trial of this case.

■ Petitioner also claims that he was denied a fair trial and thereby denied due process of law because of publicity prior to and during the trial which resulted in his conviction and sentence to 99 years imprisonment. The petitioner relies upon Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). A careful examination of all the records and testimony in the State Court fails to reveal anything in the way of publicity such as that which was constitutionally impermissible in *Sheppard* and *Estes*. As pointed out in *Sheppard* at page 352 of 384 U.S., at page 1517 of 86 S.Ct., there are some cir-

cumstances in which juror prejudice need not be demonstrated by the petitioner:

"Only last Term in Estes v. Texas, 381 U.S. 532 [85 S.Ct. 1628, 14 L.Ed. 2d 543] (1965), we set aside a conviction despite the absence of any showing of prejudice. We said there:

'It is true that in most cases involving claims of due process deprivations we require a showing of identifiable prejudice to the accused. Nevertheless, at times a procedure employed by the State involves such a probability that prejudice will result that it is deemed inherently lacking in due process. At 542–543 [85 S.Ct. at 1632].'"

Absent such circumstances the burden is upon the petitioner to make a showing of actual juror prejudice or such evidence as would justify an inference of such juror prejudice. Gordon v. United States, 438 F.2d 858 (5th Cir., 1971); Hale v. United States, 435 F.2d 737 (5th Cir., 1970); Williams v. Dutton, 400 F.2d 797 (5th Cir., 1968), and see also United States v. Rubino, 431 F.2d 284 (6th Cir., 1970), and Nichols v. Henderson, 389 F.2d 990 (6th Cir., 1968).

■ The record in the present case is lacking in the proof necessary to carry that burden of proof in regard to pretrial publicity. The jurors were carefully interrogated as to any potential prejudice and they were sequestered during the trial itself. There has been no showing that any publicity during the course of the trial was available to or in any way influenced the jurors.

For the reasons stated by District Judge Robert L. Taylor, and for the reasons herein stated the judgment of the District Court is affirmed.