Robert Lee BATEY, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 19, 1975.

Certiorari Denied by Supreme Court Aug. 11, 1975.

Robert T. McGowan, Asst. Public Defender, Nashville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Harold B. McDonough, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

GALBREATH, Judge.

## OPINION

Appealing from his conviction in the Davidson County Criminal Court for armed robbery and the minimum sentence of ten years imposed by the jury, the plaintiff in error challenges only the sufficiency of the evidence and the capriciousness of the jury for basing its verdict on it.

The facts adduced were elaborations of a voluntary statement given by the defendant, Robert Lee Batey, to the Nashville Police:

> On Thursday, December 20, 1973, Larry Griffin and I left my house. I had to go to the hospital. Larry asked me to drop him off at his girl friend's house and on the way to his girl friend's house he asked me to stop at Earl's Cash Market on Fifth Avenue North. Larry stated to me before he went into the store that he should rob the store. I said, "Oh, man." I told Larry to bring me a pack of cigarettes or something back from the store. Larry got out of the car and went into the store. I pulled in front of a house next to the store. A man was in the house standing in the front of the window watching me. I thought Larry was not going to rob the store. About four or five minutes, Larry walked back to the car, he got in and I drove off. Larry showed me the money that he had taken in the robbery and he gave me forty dollars while we were in the car and before I went to the hospital. We were in Larry Griffin's green Duster. I took Larry to his girl friend's house on Hermose and I went to MeHarry Hospital.

The defendant did not testify.

Not explained to the jury was why the defendant parked the automobile some two car lengths away from the front of the store that his companion robbed and why when the bandit returned and reentered the car the defendant drove it away at such a fast rate of speed that the tires "squealed."

It is the defendant's theory that under the whole proof he should have been indicted and convicted of either receiving stolen property or as an accessory after the fact of robbery accomplished with a deadly weapon.

In the interests of truth, it is regrettable that neither party saw fit to call as a witness the defendant's companion, Larry Griffin, who in all likelihood could have fully explained the defendant's role in the commission of the crime. The defense introduced from a State's witness on cross-examination that Griffin admitted his guilt and received ten years for armed robbery a short while before the trial in this cause so Griffin would have been, theoretically at least, an impartial witness with no interest in the outcome of this case. Perhaps neither side wanted to vouch for his credibility and that is understandable. It might have been in the interests of justice for the court to have made Griffin available to both sides as a neutral witness.

In any event, from a thorough review of all the proof, we are not able to say that it preponderates against the jury's

verdict. The jury was entitled to accept that part of the defendant's proof they felt was consistent with truth and reject the self-serving portion that they believed originated in falsity. *Espitia v. State*, 199 Tenn. 696, 288 S.W.2d 731.

The defendant is before us under a presumption of guilt. *Robertson v. State*, 72 Tenn. 425; *Harless v. State*, 189 Tenn. 419, 225 S.W.2d 258. We are not justified in disturbing a jury's verdict supported by credible proof and reasonable inferences from that proof. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173. The jury's verdict not only imposed the minimum sentence but was coupled with a surplusage recommendation that the defendant be paroled so it can hardly be seriously maintained that the jury acted capriciously or vindictively in this case.

The judgment is affirmed.

O'BRIEN and DUNCAN, JJ., concur.