**Buel David WILSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 19, 1978.

Certiorari Denied by Supreme Court Nov. 6, 1978.

**54**

W. P. Boone Dougherty and Thomas N. McAdams, Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. DeLaney, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., James R. Dedrick, Asst. Dist. Atty. Gen., Ralph E. Harwell, Sp. Prosecutor, Knoxville, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of murder in the second (2nd) degree and sentenced to serve thirty (30) years in the penitentiary.

The Appellant says the evidence does not support the verdict, that photographs of the deceased at the scene of the occurrence were improperly admitted into evidence, that evidence and exhibits concerning undisputed issues should not have been allowed to be introduced and the State's attorneys should not have attempted to instruct the jury on the law during voir dire.

The assignments of error are overruled and the judgment is affirmed.

On May 9, 1975, at approximately 4:00 a. m., Larry Jackson and a friend, Johnny Bruce, left Uncle Sam's, a Knoxville night spot where they were employed, and walked across the parking lot toward their cars. At the same time, Wallace Johnson and Carol Nance left the Executive Club, a night spot adjacent to Uncle Sam's, and walked toward their cars which were parked in Uncle Sam's parking lot.

These four (4) people met in the parking lot and, inexplicably, Larry Jackson assumed a karate stance as if he were going to attack Johnson. Johnson did not offer to engage in such maneuvers and attempted to retreat. However, Jackson persisted and Carol Nance was accidentally knocked to the ground. Johnson then became upset and engaged in a wrestling—shoving encounter with Jackson.

As this was taking place, the Appellant and a companion, Horace Skeen, left the Executive Club to go to the Appellant's vehicle parked on the same lot. The altercation between Johnson and Larry Jackson, which was described by Johnson, Nance and Bruce as being a mild, unheated affair, continued as the Appellant entered his car. Jackson and Johnson bumped into the Appellant's vehicle. The Appellant emerged therefrom and fired a shot from a .22 calibre pistol which struck and fatally wounded Larry Jackson. The Appellant and Skeen drove away from the scene.

When the Appellant and Skeen reached a place called Four Way Inn, the Appellant gave Skeen the pistol. Skeen took the pistol to his grandmother's home and put it on a shelf in a springhouse.

The Appellant, later on the day of May 9, 1975, went to Gatlinburg and stayed until May 11, 1975, at which time he returned to Knoxville and stayed overnight at the Hyatt Regency. The following day the Appellant turned himself in at the Knox County Office of the District Attorney General. In the interim, the Appellant had met with Skeen and discussed what had occurred and had read news accounts surrounding the event.

There is a dispute between the witnesses for the State and for the Appellant concerning the events that took place at the time of the shooting.

The State's witnesses testified that the Appellant emerged from his car and said "I'll teach you to bump into my car," and shot Larry Jackson who was making no attack upon him.

The Appellant and Skeen testified, on the other hand, that the wrestlers fell heavily against the door on the Appellant's vehicle as the Appellant was attempting to enter his car, that the Appellant asked them not

to fight on his car, that Larry Jackson then cursed the Appellant and moved forward to attack him, and that it was at this time the fatal shot was fired.

The Appellant insisted at trial that he was being attacked and because of fear and his attempt to avoid being struck the shot was fired.

The Appellant claims the evidence shows he was acting in self-defense at the time of the killing or in the alternative the evidence shows only a crime of manslaughter rather than murder in the second (2nd) degree.

▇▇▇ The jury, by their verdict, has rejected the claim of the Appellant on the issue of self-defense. The question of whether the Appellant acted in self-defense is to be determined by the jury when there is a dispute in the testimony of the witnesses. *Henley v. State,* 520 S.W.2d 361 (Tenn. Cr.App.1974).

▇▇▇ The degree of homicide in the killing was for the jury to determine as shown by the facts. *Tate v. State,* 219 Tenn. 698, 413 S.W.2d 366 (1967); *Massey v. State,* 3 Tenn.Cr.App. 26, 456 S.W.2d 867 (1970). The essential element required to distinguish second (2nd) degree murder from voluntary manslaughter is the presence or absence of malice at the time of the killing. If the killing be not actuated by malice, then it is manslaughter. Malice may be inferred or presumed from the use of a deadly weapon resulting in death. *Clarke v. State,* 218 Tenn. 259, 402 S.W.2d 863 (1966). The requisite malice may be shown from the manner in which a deadly weapon is handled, *Everett v. State,* 528 S.W.2d 25 (Tenn.1975); *Sikes v. State,* 524 S.W.2d 483 (Tenn.1975), or may be implied from all the circumstances surrounding the killing. *State v. Johnson,* 541 S.W.2d 417 (Tenn. 1976).

▇▇▇ In reaching their conclusion as to whether the Appellant acted in self-defense and as to the degree of homicide in the case, the jury was free to believe the testimony of some of the witnesses and not that of other witnesses, or they could believe a part of a witness' testimony and reject part of a witness' testimony. *Batey v. State,* 527 S.W.2d 148 (Tenn.Cr.App.1975).

▇▇▇ In reaching their verdict, the credibility of the witnesses and the weight to be given their testimony was within the province of the jury. *State v. Johnson, supra.* To prevail on his attack upon the evidence, the Appellant must show that the evidence preponderates against the verdict of the jury. *State v. Grace,* 493 S.W.2d 474 (Tenn. 1973). He has failed in this regard. The evidence supports the verdict of the jury. There was sufficient evidence to show the Appellant was motivated by malice in the killing.

The Appellant complains of the introduction of photographs of the body as it lay on the parking lot following the shooting. One of the photographs, marked Exhibit 8, shows the wound on the body. The other photograph, marked Exhibit 7, shows the body generally as it lay on the lot.

The Appellant raised an issue of self-defense and cross-examined the pathologist, who testified on direct examination about the wounds inflicted on the deceased and the direction of the entry into and the path of the bullet through the body. The pathologist referred to Exhibit 8 in discussing this wound during direct examination by the State.

▇▇▇ The admissibility of photographs is for the trial judge to determine in the exercise of his discretion. *Palmer v. State,* 1 Tenn.Cr.App. 223, 435 S.W.2d 128 (1968); *Freshwater v. State,* 2 Tenn.Cr.App. 314, 453 S.W.2d 446 (1969), *cert. den.,* 400 U.S. 840, 91 S.Ct. 80, 27 L.Ed.2d 74 (1971). The introduction of photographs to show the location of wounds is not an abuse of discretion even though the same facts are shown by other evidence. *Morelock v. State,* 3 Tenn.Cr.App. 292, 460 S.W.2d 861 (1970); *Cagle v. State,* 507 S.W.2d 121 (Tenn.Cr.App.1973).

In *Hawkins v. State,* 555 S.W.2d 876 (Tenn.Cr.App.1977), this Court said, at page 878:

" . . . When photographs, gruesome in nature and likely to appeal to the

emotions of the jury, are not probative of some contested factual issue they are not admissible. If probative, they are. See *Palmer v. State,* 1 Tenn.Cr.App. 223, 435 S.W.2d 128 (1968). In this, they are no different from other demonstrative evidence. If the evidence is necessary to develop some relevant point that the jury needs explained, it is admissible. If the evidence is not relevant or probative on some issue in dispute, it is not."

In the case of *State of Tennessee v. Banks,* 564 S.W.2d 947 (Tenn. filed April 17, 1978), the Supreme Court discussed at length the use of photographs of the deceased in homicide cases. Pertinent to the issues in this case the Court said among other things:

"Photographs showing the injuries of the victim are properly admitted if the defendant admits he killed the victim but seeks to show a non-criminal homicide or that the offense was of a lesser degree than murder. . . . " 564 S.W.2d 949.

■ The Supreme Court in *Banks,* in further discussion of the admissibility of photographs, established the rule as follows:

"The traditional rule is said to be that photographs of the corpse are admissible in murder prosecutions if they are relevant to the issues on trial, notwithstanding their gruesome and horrifying character. *People v. Jenko,* 410 Ill. 478, 102 N.E.2d 783 (1951). Conversely, if they are not relevant to prove some part of the prosecution's case, they may not be admitted solely to inflame the jury and prejudice them against the defendant. *Milam v. Commonwealth,* Ky., 275 S.W.2d 921 (1955).

But even relevant evidence should not be admitted if its prejudicial effect outweighs its probative value. FED.R. EVID. 403; UNIFORM RULES OF EVIDENCE 45, *supra.*

Federal Rule 403 provides:

'Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by con- siderations of undue delay, a waste of time, or needless presentation of cumulative evidence.'

In the explanatory note to Rule 403, "unfair prejudice" is defined by the Advisory Committee as:

'An undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'

See also *Haddad v. Kuriger,* Ky., 437 S.W.2d 524 (1968); *State v. Martinez,* 92 Idaho 183, 439 P.2d 691 (1968); *Thibodeau v. Connecticut Co.,* 139 Conn. 9, 89 A.2d 223 (1952); *Moeller v. Hauser,* 237 Minn. 368, 54 N.W.2d 639, 57 A.L.R.2d 364 (1952).

We regard this rule as one that is fair and just and strikes a reasoned balance between probative value and unfair prejudice; we approve it as a proper guide to be followed by our courts in both criminal and civil cases." 564 S.W.2d 950.

■ Exhibit 8 which showed the wound was relevant to the issue of self-defense and the degree of homicide. It was not, in our view, inflammatory and was thus admissible.

■ On the other hand, we are unable to determine any relevancy in Exhibit 7 which merely shows the body of the deceased lying in the parking lot. However, we are of the opinion that its effect was not sufficiently inflammatory to affect the verdict of the jury and was, therefore, harmless error. *State v. Banks, supra.*

The Appellant complains that the State should not have been allowed to introduce as an exhibit a shell casing which had been fired previously from the .22 pistol used in this case and which was found at the place of the Appellant's business.

The State insisted that this was admissible to identify the weapon and connect the Appellant therewith. The Appellant, on the other hand, insisted that his offer to stipulate that the weapon offered was the weapon which fired the fatal shot and that he was the person who fired it obviated the introduction of evidence on this issue.

The Appellant further complains that the testimony concerning the steps taken to locate the person responsible for the killing should not have been allowed based on the stipulation he offered. The State insisted this evidence was admissible to show flight of the Appellant.

The State refused to accept the offer of the Appellant to stipulate on the gun and the identity of the Appellant. The Appellant insists the trial court should have accepted the stipulation.

 We see no error in the refusal of the trial judge to accept the stipulations. It is within the discretion of the trial judge to accept or reject the stipulations and thus obviate proof on the matters contained therein. However, a trial judge may reject the stipulation and allow evidence to be presented if such evidence is relevant on the issues raised in the case in order that the jury may properly assess the case and reach a proper verdict. *See* IX *Wigmore on Evidence* § 2591 at 589 (3d Ed. 1940).

The Appellant raised an issue of self-defense. The evidence showing his travels and the placing of the gun in another's possession following the incident was indicative of flight and was therefore admissible on the issue of self-defense and on the issue of whether the homicide was criminal in nature.

We are not convinced, however, that the State should have been allowed to introduce the spent cartridge found at the Appellant's place of business. Contrary to the Appellant's insistence, we do not think that this transgressed this Court's ruling in this case on the previous appeal in which the case was reversed because the State showed previous, irrelevant criminal acts of the Appellant. See *Wilson v. State,* 548 S.W.2d 323 (Tenn.Cr.App.1976). In this trial there was no evidence introduced to show why this cartridge had been fired. However, this shell shed no light on the issues in this case. We think the State came perilously close to treading on forbidden ground and that they would have been wise to have avoided this area. However, we do not think that this influenced the verdict of the jury and was at most harmless error.

The voir dire of the jury did not constitute error. When attorneys wish to question the jury concerning the applicable law, the questions are often incomplete, inaccurate or, by the very nature of the case prior to the introduction of evidence, speculative. However, this is not a sufficient basis to upset a valid verdict.

We are more strongly persuaded that no error was committed on the basis of the action of the trial judge in this case in ruling upon objections to the voir dire of the jury.

The trial judge admonished the jury on more than one occasion that they would receive the law from him and that they would be guided by this rather than counsel's statements thereon. Further, the trial judge accurately instructed the jury on the law applicable to this case. The verdict of the jury was supported by the law and the evidence. The voir dire did not affect the verdict.

WALKER, J., and W. WAYNE OLIVER, Special Judge, concur.