# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. GLENN A. SADDLER

**Direct Appeal from the Criminal Court for Wilson County**
**No. 97-0230      James O. Bond, Trial Judge**

---

**No. M1999-00934-CCA-R3-CD - Decided June 30, 2000**

---

The defendant in this direct appeal from a jury conviction of second degree murder argues that: (1) the trial court erred in excluding credibility evidence, an order restoring his citizenship, after he had been impeached with a prior conviction,  (2) the evidence is insufficient, and (3) the sentence imposed is excessive.  The judgment and sentence from the trial court are affirmed

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

WILLIAMS, J., delivered the opinion of the court, in which SMITH and WEDEMEYER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, Comer L. Donnell, District Public Defender, Lebanon, Tennessee, and Ginger Townzen, Appellate Co-Counsel, Lebanon, Tennessee, for the defendant, Glenn A. Saddler.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General, Tom P. Thompson, Jr., District Attorney General, and Jerry D. Hunt, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The defendant, Glenn A. Saddler, appeals his conviction of second degree murder entered after a Wilson County jury trial.  For this offense, the defendant was sentenced, as a Range I offender, to twenty-five years.  He now appeals this conviction and sentence arguing that:
    (1) the trial court erred in excluding credibility evidence;
    (2) the evidence is insufficient to support his conviction; and
    (3) the sentence imposed is excessive.
After careful review, we affirm the judgment and sentence from the trial court.

### Facts

We briefly outline the facts here, as more detailed facts relevant to our disposition of this

appeal are set out in analysis. On Christmas 1996, the victim was shot and killed by a shotgun blast fired by the defendant. The defendant has always and continues to admit to the shooting; however, he argues now, and testified at trial, that he shot the defendant in self-defense.

The jury, not crediting this testimony, found the defendant guilty of second degree murder. For this second- degree murder, the defendant was sentenced to twenty-five years. His appeal is now before this Court.

## Analysis

### *Credibility Evidence*

The defendant testified in his own behalf at trial. The state, having presented the proper notice, impeached the defendant with evidence of a prior forgery conviction in 1987. See Tenn. R. Evid. 608, 609. In response, the defendant, seeking to restore credibility, sought introduction of a court order, entered after the defendant had served his sentence, restoring his citizenship rights.[1] The trial court, believing that this evidence did not go to the defendant's credibility, excluded the evidence as irrelevant. We review that decision for an abuse of discretion, see, e.g., Johnson v. State, 596 S.W.2d 97, 104 (Tenn. Crim. App. 1979), and finding none affirm the trial court's decision.

Tenn. R. Evid. 608 and 609 allow the prosecution to impeach a testifying defendant's credibility with certain prior convictions. In turn, a defendant so impeached may attempt to restore that credibility through testimony or other means. See Tenn. R. Evid. 608; State v. Phipps, 883 S.W.2d 138, 153 (Tenn. Crim. App. 1994). In this case, the defendant sought to introduce a prior court order that reads, in relevant part:

> This cause came on to be heard on this the _____ day of October, 1990, before the Honorable J. O. [B]ond, Judge, holding the Criminal Court for Wilson County, at Lebanon, Tennessee, upon the Petition of Glenn A. Saddler for restoration of his full rights of citizenship including suffrage. After due consideration, the Court is of the opinion the Petition is well-taken and hereby grants the relief sought therein.

> It is, therefore, ordered that Glenn A. Saddler be, and he is hereby, restored to his full rights of citizenship including the right of suffrage from this date forward.

The trial judge reviewed this order and noted that it neither restored the defendant's credibility nor otherwise expunged the defendant's prior record. On that basis, he excluded the evidence as irrelevant. We agree with that decision.

This restoration order does not speak to the defendant's credibility. It merely indicates that certain rights, previously forfeited, are now being returned to him. In support, we note that Tenn.

---

[1] The restoration order was entered pursuant to Tenn. Code Ann. § 40-29-101.

Code Ann.§ 40-29-105(b), the applicable statute, does not speak of "credibility" or honesty. Rather, restoration is conditioned upon a pardon, expiration of sentence, or final release from incarceration or supervision. Therefore, while we recognize a defendant's right to attempt to restore his credibility in the event of prosecution impeachment, we conclude that the trial court was well within its discretion to find that this attempt was improper.

Nevertheless, were this Court to find that the trial court erred in excluding this evidence, we are persuaded that the error would have, more probably that not, been harmless. See Tenn. R. App. P. 36(b). That is, while certainly the defendant's credibility was an important factor in the jury's decision whether or not to credit his self-defense claim, other evidence weighed heavily against the defendant and his story.

*Sufficiency*

The defendant next argues that the evidence adduced at trial was insufficient to support his conviction of second degree murder. Specifically, he urges this to find that the evidence of self-defense preponderates against any evidence of second degree murder or, in the alternative, to find that the evidence, at best, supports a lesser offense. After review, we disagree with the defendant and find sufficient evidence to support his conviction.

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." See Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. See State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. See Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. See State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Id. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), the Tennessee Supreme Court stated, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Because a verdict of guilty removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is

insufficient to support the verdict returned by the trier of fact. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

In this case, the defendant was convicted of second degree murder. Second degree murder is defined as "A knowing killing of another." See Tenn. Code Ann. § 39-13-210(a)(1). "Knowing" is defined as follows:

> a person ... acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

See Tenn. Code Ann. § 39-11-106(20). The killing must also be unlawful. See Tenn. Code Ann. § 39-13-201.

The proof in this case adequately supports a finding that the defendant knowingly and unlawfully killed the victim. And while the defendant contends on this appeal that his case is either one of self-defense or voluntary manslaughter, the jury, charged with the law on both self-defense and voluntary manslaughter, rejected both of those theories. The defendant admitted to killing the victim. Circumstantial and witness testimony corroborated this admission. Further, as the evidence was uncontroverted that the defendant shot the victim with a shotgun, the jury could infer from the use of a deadly weapon, the circumstances involved, and the defendant's own testimony that the defendant knew that his actions might cause their result – death. See, e.g., State v. Meade, 942 S.W.2d 561, 564-65 (Tenn. Crim. App. 1996).

As for the defendant's claim of self-defense, the jury, within their discretion, rejected it. See Arterburn v. State, 391 S.W.2d 648 (Tenn. 1965); Wilson v. State, 574 S.W.2d 52 (Tenn. Crim. App. 1978). Three conditions must be met before one is justified in killing another human being under the rubric of "self-defense":

(1) the defendant must reasonably believe he is threatened with imminent loss of life or serious bodily injury;
(2) the danger creating the belief must be real or honestly believed to be real at the time of the action; and
(3) the belief must be founded on reasonable grounds.

See Tenn. Code Ann. § 39-11-611.

In this case, a jury heard testimony that the victim had approached, the defendant put his hands on [him] and apparently demanded some money. Further, the jury heard the defendant testify that the victim was beating him and had a knife. So too, a knife was found on the scene, and the victim was bruised about the face. However, this same jury also heard testimony that the defendant

was angry and upset the night of the shooting, that the defendant had taken his shotgun with him that night, that the defendant had been drinking, that the knife found on the scene was unopened, that the defendant himself could not see whether the knife was open or not during the altercation, that the defendant had time to open his car and remove the shotgun before shooting the victim, that the defendant did not turn himself in to authorities at the scene, and finally that the defendant spontaneously admitted to another following the shooting, "I just shot a n_____." Weighing all this evidence, the jury concluded that the conditions for "self-defense" had not been met. It is not for us now to disturb that conclusion. Accordingly, we find sufficient evidence supporting the conviction of second degree murder.

*Sentencing*

Finally, the defendant argues that the trial court's sentence of twenty-five years was excessive. In support, he argues that the trial court erred in finding an improper enhancing factor and failed to properly consider certain mitigating factors. After review, we find no reason to disturb the sentence.

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. See State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;
(2) [t]he presentence report;
(3) [t]he principles of sentencing and arguments as to sentencing alternatives;
(4) [t]he nature and characteristics of the criminal conduct involved;
(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. See State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. See Tenn. Code Ann. § 40-35-

210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. See State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. See Tenn. Code Ann. § 40-35-210(d); State v. Lavender, 967 S.W.2d at 806; Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W.2d at 789.

In this case, the trial court found two enhancing factors and no mitigating factors. The enhancing factors were:

(1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; and
(2) the defendant has a "previous history of unrealistic filing petitions."

Reviewing the application of the criminal history enhancer, Tenn. Code Ann. § 40-35-114(1), we find no error. The defendant's criminal history is not short. It includes numerous misdemeanor and multiple felony convictions.

However, regarding the application of the other enhancer, nothing in the record clarifies what the trial court intended by "history of unrealistic filings." And while the state urges us to interpret this language to mean that the defendant has a history of unwillingness to comply with the conditions of a sentence involving release in the community, see Tenn. Code Ann. § 40-35-114(8), the record does not adequately support that interpretation. Therefore, we now conclude that this factor was applied in error.

However, in our review we find another enhancing factor that the trial court failed to apply. That is, the defendant used a firearm in the commission of the offense. See Tenn. Code Ann. § 40-35-114(9). Use of a firearm is not an element of the offense; therefore, it is properly applicable. See State v. Butler, 900 S.W.2d 305, 312-13 (Tenn. Crim. App. 1994).

As for mitigating factors, the trial court, while stating that it considered the defendant's submitted mitigating factors, is not on record individually considering or ruling on them. Therefore, we have reviewed their applicability. The defendant submitted seven mitigating factors:

(1) The defendant acted under strong provocation;

(2) [s]ubstantial grounds exist tending to excuse or justify the defendant's criminal conduct, through failing to establish a defense;

(3) [t]he defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct;

(4) [t]he defendant acted under duress or under domination of another person, even though the duress or the domination of another person is not sufficient to constitute a defense to the crime;

(5) [t]he defendant was fearful for his life and believed he was acting in self-defense;

(6) [t]he victim was intoxicated and was armed with a hawkbill knife and mace;

(7) [t]he victim was younger than the defendant and outweighed the defendant by thirty pounds; and

(8) [t]he defendant is remorseful for his conduct.

As regards defendant's factor (1), no real evidence was adduced at trial to support this factor. As regards defendant's factor (2), the jury heard the defendant's evidence of self-defense at trial and rejected it. We reject it now in the sentencing context. For the same reason, defendant's factor (5) is not applicable. As for defendant's factor (3), the jury found that the defendant acted "knowingly" and sufficient evidence existed to support that conclusion. Therefore, from our review, we find that the defendant's factor (3) does not apply. Next, defendant's factor (4), no evidence was presented to suggest that the defendant acted under duress. As for defendant's factors (6) and (7), they present no basis for mitigation. Finally, while remorse, defendant's factor (8), may be used for mitigation, it does not clearly apply in this case.

Therefore, against the two enhancing factors, criminal history and use of a firearm, are balanced no mitigating factors. We agree with the trial court that good weight should be placed upon the history factor. Further, we place good weight on the firearm factor. In the end, we will not disturb the twenty-five year sentence.

## CONCLUSION

For these reasons, we affirm the judgment and sentence from the trial court.