# STATE OF TENNESSEE ex rel. JAMES W. FIELDS, Appellant, v. C. MURRAY HENDERSON, Warden, Appellee.

Court of Criminal Appeals of Tennessee. May 7, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

Hugh W. Stanton, Jr., Memphis, for appellee.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Billy F. Gray, Asst. Dist. Atty. Gen., Memphis, for appellant.

## OPINION

GALBREATH, Judge.

This is an appeal from the action of the Criminal Court of Shelby County in denying petitioner's application for the Writ of Habeas Corpus.

This is the second petition for Writ of Habeas Corpus filed by James W. Fields, hereafter referred to as the defendant. The trial court treated the application in this case as a petition under the Post-Conviction Procedure Act. It was agreed by the defendant and his court-appointed counsel that matters relating to the alleged incompetence of his counsel in the trial resulting in conviction had been fully adjudicated in the prior Habeas Corpus petition adversely to his position.

The defendant entered a plea of guilty to murder in the first degree and was sentenced to confinement for life.

██ The issues raised by the first two assignments of error relating to the sufficiency of the evidence presented to the jury and the charge of the court cannot be viewed favorably to the defendant because he plead guilty and the lower court, after an evidentiary hearing, determined that the plea was entered freely and volun-

tarily. A plea of guilty waives all non-jurisdictional defects. Reed v. Henderson, 6 Cir., 385 F.2d 995.

██ The fact that at his trial no evidence was presented to the jury and that the trial judge failed to charge the jury as to the degrees of murder so as to permit them to have full instructions under which to determine the degree of the crime as provided under T.C.A. § 39-2404 suggests no constitutional deprivation which would entitle the petitioner to relief under our Post-Conviction Procedure Act.

As pointed out by Judge W. Wayne Oliver of this Court in a recent decision involving this same point:

"The petitioner initiated the negotiations with the State which resulted in an agreement providing for a mutually satisfactory and agreeable sentence for the petitioner, upon his plea of guilty. He faced a capital case and the possibility of the extreme penalty. By negotiation he accomplished his purpose of trading himself out of his crime upon his own terms, thereby escaping a possible death sentence and obtaining in lieu thereof a sentence to life imprisonment; he was, therefore, directly and vitally interested in having his specific bargain approved and sealed, without alteration or change, by the verdict of the jury, any jury; he made no objection to the method by which the jury was selected and qualified; subject to approval by the court, he not only determined the exact verdict of the jury in advance by driving a bargain with the State highly advantageous and favorable to himself, but he also quite naturally acquiesced in that verdict rendered in exact conformance with his own plan and agreement.

"The presiding fact is that the petitioner made his own bargain, deliberately planned and obtained its final approval by a jury and by the court, and he is estopped to repudiate it now by claiming that the procedure he adopted to accomplish his own purpose was illegal." State, ex rel. Ronald Paul Weems v. Henderson, Opinion of Court of Criminal Appeals, Eastern Division, April, 1969.

It is doubtful that an evidentiary hearing was necessary in this case since even if the allegations set out in the assignments are true, as aforesaid, no constitutional deprivation would result.

■ The main complaint of the defendant, as he admitted to the trial judge, was that he "got too much time." He maintains that a life sentence is constitutionally invalid because it is cruel and unusual. As pointed out in Akers v. United States, 6 Cir., 280 F.2d 198, cert, denied, 364 U.S. 924, 81 S.Ct. 289, 5 L.Ed.2d 262, "The contention that the punishment was cruel and unusual is without substance, since it was within the statutory authority."

The judgment is affirmed.

WALKER, P. J., and OLIVER, J., concur.