CHARLES ROY LEEPER and JAMES LEO CASON,
Plaintiffs in Error, v. STATE OF TENNESSEE,
Defendant in Error.—472 S.W.2d 240

**May 13, 1971.**

**Certiorari Denied by Supreme Court October 4, 1971.**

William J. Faimon, Nashville, for Leeper. Joe P. Binkley, Sr., Joe P. Binkley, Jr., Nashville, for Cason.

David M. Pack, Attorney General, Bart Durham, Assistant Attorney General, Kent Sandidge, III, Assistant Attorney General, Nashville, for defendant in error.

DWYER, J.  Charles Roy Leeper and James Leo Cason were convicted in consolidated rape cases by a jury in the Criminal Court of Davidson County. Each defendant received two fifteen-year sentences, which were ordered by the trial court in the judgment imposed to be served consecutively. The defendants were and are rep-

resented by privately-retained counsel. During the trial, counsel for Cason became ill. The contention of both defendants in assignments of error is premised on the illness of counsel and that the evidence preponderates against their guilt and in favor of their innocence.

We evaluate the contentions pertaining to the evidence in view of settled law that they are in this court under a presumption of guilt and the burden is upon them to show that the evidence preponderates against that presumption and in favor of their innocence. See Cooper v. State, 123 Tenn. 37, 138 S.W. 826.

The facts in this record reveal that a young married couple along with another young couple engaged to be married were motoring on the highway in the vicinity of Nashville returning to Illinois from a Florida vacation. Their car had a flat tire and when attempting a change found that the spare tire was also flat. The men then started hitchhiking, which resulted in the two defendants contacting them by driving up and inquiring of their trouble. The men got into the defendants' automobile where they were driven to a service station, but could not get help. They were then taken on back roads and put out of the car by the defendants. The defendants then returned to the car with the women in it and on a pretext of taking them to their men, the women got into the defendants' car. They were then driven into the surrounding area, brutally mistreated and consecutively raped by the two defendants. They were then driven into the Nashville area and put out of the car. The women made a complaint which resulted in the arrest and lineup identification of the defendants that morning. The defendants in substance related that they had attempted

to help the men but when they could not find a service station open, let them out so that they could proceed on to Nashville for help. They further related the men requested they stop back by and tell the women that they would be longer because of having to go to Nashville. The defendants then related the women asked to get into their car for purposes of getting warm and that one thing led to another and after a few drinks they had consensual intercourse with the women, denying emphatically the use of force or threats. When the defense and the prosecution are, as here, diametrically opposed one to the other it is the province of the jury to decide the truth. Their verdict is a clear indication of the repudiation of the mythicized testimony of the defendants. There is an abundance of proof in this record to sustain the verdicts. We can glean that but for the fine efforts extended by counsel the verdicts would and justifiably could have been more severe. We accordingly overrule the assignments pertaining to the sufficiency of the evidence.

The defendants contend that the illness of counsel for Cason during the trial deprived them of a fair trial. It appears the trial started October 27, 1969, concluding on October 30, 1969. On the last day of the trial counsel for the defendant Cason became ill and suffered considerable pain because of a diabetic condition. A doctor was summoned and medicated counsel. In retrospect he stated he should have ordered counsel to the hospital. When the trial was concluded counsel, late in the evening of that date, entered the hospital in a shock status and was critically ill for some time.

■ We note from a reading of the record in this case that ailing counsel conducted a spirited and effective

defense of the defendant Cason. He argued successfully at the close of the proof a directed verdict motion on kidnapping charges which were also in issue as to both defendants. There are depositions from doctors who treated counsel. Both relate that counsel was in acute pain at the trial. They both in substance related that counsel was rational but because of the pain not at top condition.

There was no motion for a mistrial, and we are satisfied that the learned trial judge would have interceded if defendant had not been adequately represented by ailing counsel. The defendant was represented by retained counsel whose acts or non-acts are not imputable to the State. See State ex rel. Fields v. Henderson, Tenn., Crim.App., 443 S.W.2d 837. The defense, as related, conducted by counsel, from a reading of this record, negates any claim that the defendant was denied due process of law in that he was not effectively nor adequately represented in the trial forum.

We are unequivocally satisfied that the defense of the defendant by ailing counsel did not fall into the ambit of a "farce or a mockery of justice of the proceedings had." See State ex rel. Richmond v. Henderson, 222 Tenn. 597, 439 S.W.2d 263.

There is nowhere alleged where, how or what more ailing counsel could have done in the defense of the defendant. As we have related the jury seems to have been lenient with the defendant in view of the facts and circumstances surrounding the crime as found in this record.

The defendant Cason's contention that he was deprived of representation of effective counsel is accordingly overruled.

■ We fail to perceive where co-defendant who was represented by retained counsel was prejudiced because of the illness of cocounsel. The assignment pertaining thereto is accordingly overruled.

The judgment of the trial court is affirmed.

Mitchell and O'Brien, JJ., concur.