James Leo CASON and Charles Roy Leeper, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 18, 1973.

Certiorari Denied by Supreme Court

Dec. 3, 1973.

Joe P. Binkley and Joe P. Binkley, Jr., Nashville, for appellants.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Robert H. Schwartz, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

RUSSELL, Judge.

Cason and Leeper are incarcerated under two consecutive penitentiary sentences of fifteen years each for their separate rapes of two women. The women were motoring from Florida to Illinois, accompanied by the husband of one and the male companion (now husband) of the other, when their car became disabled. Under the State's proof, Cason and Leeper lured the men away from their car by offering to transport them for assistance, dumped them on a remote road, returned to the disabled car and lured the women into it on the pretext of taking them to their men, and drove them to a remote area where they mistreated them and each raped both of them. The convictions were appealed and affirmed. See Leeper v. State, Tenn. Cr.App., 472 S.W.2d 240.

■ This post-conviction petition is based upon the single fact that retained counsel recently discovered that a police detective who participated in the investigation of the case (and who testified upon this hearing that he was a friend of one of the defendants) saw a photograph that had been among the personal effects of one of the women that apparently depicted the two women getting out of a motel bathtub, each clad in a towel that covered her down to mid-thigh, and both laughing. The officer attached no evidentiary significance to the picture and gave it to one of the men. It was not kept in the police file and was never mentioned to the prosecuting attorney; and naturally, under those circumstances, was not mentioned to defense counsel. Apparently the detective made enough inquiries of either the women or men to conclude that the picture had been made by one of the men on the trip to Florida.

All that we know of the picture is what the officer testified to. The picture was not produced, and apparently no effort was made at this time to procure it for the hearing.

It is the thesis of this post-conviction petition that the aforesaid facts constitute an unconstitutional suppression by the State of exculpatory or beneficial evidence for the defendants that should void these convictions under the rule laid down in the case of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its *progeny.*

The learned trial judge dismissed the petition, and we affirm that action. In so doing, Judge Duncan found, inter alia:

"After considering all of the matter herein, it is the opinion of the Court that the complaint now made by the petitioners is without merit. The subject photograph could have added nothing to, nor detracted anything from, the trial. The testimony in the original trial conclusively showed that these two couples had been on a vacation in Florida, and had been sharing motel rooms together. On one occasion they had separate bed-

rooms, and on another occasion all four (4) shared the same room. The record leaves no room for doubt that the jury had before it conclusive evidence that the then unmarried couple had been carrying on intimate relationship while on the Florida trip, and that the married couple had been sharing motel quarters with them. (See B of E, pp 6, 9, 158, 159, 184, 195, 234, 235, 236, 302, 321 and 323.) The addition of the photograph would only have served to be cumulative to an already established fact. The photograph would have added nothing more to what the jury already had concerning the girls' morals.

\*   \*   \*   \*   \*   \*

"In connection with the ruling made herein, the Court has read the original Bill of Exceptions, and the proof therein is overwhelming showing the petitioners' guilt of these offenses. Since the proof in this hearing shows that neither the Attorney General nor any member of his staff ever had any knowledge of the subject photograph, this Court would be hard put to find that any error has occurred; however, even if it can be said to be error, in view of the overwhelming evidence of defendants' guilt, such error, if any, would be harmless beyond a reasonable doubt, and the Court so finds. Daugherty v. State, 478 S.W.2d 921.

"Thus, it is the opinion of the Court that the petitioners have not been denied due process of law, nor have they been denied any of their constitutional rights. The Court finds that they received a fair trial, were well represented by able counsel, and that their convictions are valid, and their sentences were most fair and reasonable in view of the aggravated facts and circumstances present in their cases.

"Accordingly, the Court finds that the allegations contained in the petition are without merit, and that said petition should be dismissed."

The pertinent part of *Brady*, supra, is as follows:

"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

It seems inaccurate to call what occurred in this case a "suppression by the prosecution". While there is respectable authority for holding that suppression by police will be imputed to the prosecution (see the annotation in 34 A.L.R.3d 16), we cannot really designate what happened here as a suppression. While it does not appear how counsel learned of the photograph from the officer, the record holds no suggestion that he hid his knowledge of it from anyone. We quote this from his testimony:

"Q. And then you are telling this Court, and I'm not trying to badger you, Mr. Mills, you know that. But you are telling this Court now that in your opinion that picture was not significant in this particular trial.

"A. At the time I really didn't feel so, Mr. Binkley.

"Q. All right, how do you feel about it now?

"A. I still don't feel that, even with one of these boys being a friend of mine, I still don't feel that that picture. . . . .

"The Court: Well, gentlemen, I don't think what he feels about it is material. Not what he feels about it. Now, what he did and what he knows, of course, that's what the Court wants to know."

It seems fair to characterize the actions of the officer in this case as merely having had evidence pass through his hands, that he didn't recognize as evidence, rather than saying that he suppressed it. The photograph was not kept in the police file. The officer has obviously not kept any se-

cret about it. And his motives in the premises are not impugned. He wasn't trying to help the State by not keeping the picture. It's subtle probative value and its admissibility upon the trial may fairly be said to have escaped him.

No request by the defense of exculpatory evidence in the hands of the State appears in this record, as is required by the original *Brady* rule. Also explicit in that rule is that not only must there be a suppression, which hardly describes this case; but the evidence must be of a material nature. We quite agree with the learned trial judge that this photograph would not have been material to the defense. The most that could be said for it was that it indicated a relationship that was clearly established upon the trial. It would have been indirect circumstantial evidence of an admitted fact. The loss of such evidence to the defense, even if suppressed, could hardly be said to be a due process violation.

■■■ The general rule is that in order to overturn a conviction on suppression-of-evidence grounds, the evidence suppressed must have been material or probative. 34 A.L.R.3d 16, at 38. While suppression of some impeaching evidence can be grounds for a new trial, if merely impeaching, cumulative or corroborating it will not ordinarily invalidate a verdict. To do that, the evidence must be of a character to raise a substantial likelihood that it would have affected the result if known at the trial. Ingram v. Peyton, (C.A. 4, 1966), 367 F.2d 933.

The case of United States v. Keogh, (C.A. 2, 1968), 391 F.2d 138, 34 A.L.R.3d 1, holds that relief might be given where the suppression was not deliberate and no request made and where hindsight disclosed that the defense could have put the evidence to not insignificant use, but in such a case the "standard of materiality must be considerably higher".

A late United States Supreme Court case, Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), contains this statement of the law:

"* * * We do not, however, automatically require a new trial whenever 'a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict . . . .' United States v. Keogh, 391 F.2d 138, 148 (C.A. 2, 1968). A finding of materiality of the evidence is required under Brady, supra [373 U.S.] at 87 [83 S.Ct. at 1196] 10 L.Ed.2d at 218. A new trial is required if 'the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury . . . .' Napue [Napue v. Illinois], supra [360 U.S. 264], at 271 [79 S.Ct. 1173], 3 L.Ed.2d [1217] at 1222."

An even later United States Supreme Court case, Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972) contains this authoritative language:

"[1] The heart of the holding in Brady is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence. * * *"

* * * * * *

"We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. * * *"

We hold that no denial of due process of law has been established in this case, and affirm the dismissal of the petition for post-conviction relief.

W. WAYNE OLIVER, P. J., pro tem. and MITCHELL, J., concur.