Johnny Ray ROACH, Appellant,

v.

Robert MOORE, Warden, et al., Appellees.

Court of Criminal Appeals of Tennessee.

Jan. 12, 1977.

Certiorari Denied by Supreme Court March 14, 1977.

James N. Bryan, Jr., Nashville, for appellant.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Howard F. Douglass, Asst. Dist. Atty. Gen., Lexington, for appellees.

## OPINION

TATUM, Judge.

This is an appeal from the dismissal, after an evidentiary hearing, of the petition for post-conviction relief (T.C.A. § 40–3801 *et seq.*) by the Circuit Court of Madison County.

The appellant and a co-defendant were convicted of burglary in the first degree and rape. The appellant was sentenced to imprisonment for not less than 5 nor more than 10 years for burglary and 21 years for rape. The appellant appealed to this Court where the burglary conviction was reversed and dismissed, and the rape conviction was affirmed.

The appellant then filed a petition for Writ of Error Coram Nobis, based on the discovery of a report of investigating police officers who arrived on the scene right after the crime was committed. The Trial Court dismissed this petition and this Court affirmed in *Johnny Ray Roach v. State*, (Tenn.Crim.App., filed at Jackson, June 30, 1976).

The appellant then filed his petition for post-conviction relief in the Circuit Court of Madison County and after an evidentiary hearing, the Trial Judge reduced the appellant's sentence from 21 years to 10 years (the minimum allowable for rape) because in the principal trial, the jury was not instructed as to the allowable sentences for rape. The petition was otherwise overruled and the case is now before us for review.

■ The appellant first complains that the prosecution suppressed evidence favorable to him, thereby depriving him of due process, citing *Brady v. Maryland*, 373 U.S. 883, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), and other cases of like import.

The appellant's trial attorney requested information from the Madison County Sheriff's Department and was told that there were no written statements or reports in the file. After the appellant's conviction, it was determined that there was a report written by one of the investigating officers that had been misplaced in another file, stating among other things, that the victim had told the officers that the two men "*attempted to rape* her" and that "she succeeded in fighting them off". The report also stated that the victim could "identify the subject with the long black hair", and that she checked both doors before going to bed prior to the rape and that both were locked, "then *unknown subjects* had a key. . . ."

(Emphasis supplied). The appellant says that this report was vital to his defense for the purpose of impeaching the testimony of the prosecutrix.

The statement that the two persons attempted to rape her and that, "she succeeded in fighting them off", is not contradictory to the evidence in the case. The victim testified that she went to a neighbor's house where she talked to the neighbor and his wife. She admitted that she did not tell them that she had been raped until some time later. Another witness, Mrs. Knight, testified that she talked with the victim after they had seen the officers and that the victim did not admit that the rape had been successful until they had talked for some time. The two neighbors of the victim, to whom she fled immediately after this episode, likewise testified that it was some time later before she admitted that she had been raped. Both neighbors and Mrs. Knight testified that the victim did not then identify her assailants by name.

The Trial Judge found that since "certain other evidence was presented to cast doubt upon the testimony of the prosecutrix, the officers report would not have changed the facts as testified to by Mrs. Harrell Coughlin, neighbor of the prosecutrix."

In *Brady v. Maryland, supra,* it was held that "the suppression by the prosecution of evidence favorable to an accused *upon request* violates due process where the evidence *is material* either to guilt or to punishment irrespective of the good or bad faith of the prosecution". (Emphasis supplied).

We agree with the learned Trial Judge that this deputy sheriff's report would not have been material to the defense. All of the matters contained in the report were clearly established upon the trial by disinterested witnesses (prosecutrix's two neighbors and Mrs. Knight), and the great bulk of the material in the report was admitted by the prosecutrix. The material in the report would have been indirect circumstantial evidence of already established facts. It was only cumulative evidence of facts already overwhelmingly established. The

loss of such evidence, even if suppressed, could not be said to constitute a denial of due process. The suppression was not deliberate.

In *Cason v. State,* 503 S.W.2d 206, 209 (Tenn.Cr.App.1973), Judge Russell of this Court, discussed the *Brady* case and other decisions of the United States Supreme Court at length and held in part:

"The general rule is that in order to overturn a conviction on suppression-of-evidence grounds, the evidence suppressed must have been material or probative. 34 A.L.R.3d 16, at 38. While suppression of some impeaching evidence can be grounds for a new trial, if merely impeaching, cumulative or corroborating it will not ordinarily invalidate a verdict. To do that, the evidence must be of a character to raise a substantial likelihood that it would have affected the result if known at the trial. *Ingram v. Peyton,* (C.A. 4, 1966), 367 F.2d 933.

The case of *United States v. Keogh,* (C.A. 2, 1968), 391 F.2d 138, 34 A.L.R.3d 1, holds that relief might be given where the suppression was not deliberate and no request made and where hindsight disclosed that the defense could have put the evidence to not insignificant use, but in such a case the 'standard of materiality must be considerably higher'."

In *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the Court stated that a new trial is not required when the suppressed evidence is "possibly useful to the defense but not likely to have changed the verdict", citing *United States v. Keogh,* 391 F.2d 138 (2nd Cir. 1968). We are convinced beyond a reasonable doubt that the Deputy Sheriff's report would not have affected the verdict had it been in the hands of the appellant during the trial of the case. Assignment I is overruled.

In Assignment II, the appellant says that his "warrantless arrest was illegal and violative of his Fourth and Fourteenth Amendment rights and therefore the fruits from the illegal arrest should have been excluded." The appellant is specifically re-

ferring to photographs taken of him during a line-up after arrest. He says that these photographs were shown to the prosecutrix for identification purposes.

The facts are erroneously stated by the appellant in his brief. The appellant refers to the testimony of Deputy Irby Thomas in the post-conviction hearing and to the testimony of the prosecutrix in the principal trial of the case.

Deputy Thomas testified that he exhibited photographs to the prosecutrix at about 7:00 o'clock A.M., on October 14, the same morning that the crime was committed. He stated that immediately upon getting the call, he "went out and talked to her and then came back in and got some pictures from the office". He said that there were no photographs made of the appellant that morning and that the photographs shown to prosecutrix were pictures that "Officer Jowers had". The appellant was not arrested until 9:30 P.M., on October 14 and photographs of him were not made until the next day, October 15, at approximately 11:00 o'clock A.M. The prosecutrix testified that the photographs that she saw of the appellant the morning of October 14, "were extremely old pictures of him", that he had changed his hair style and that, "none of the photographs that I saw of Johnny Roach looked like he looked when he came in my trailer". There is no evidence that the photographs taken after the arrest were shown to the prosecutrix. According to the record, no "fruits" from the arrest were admitted in evidence or used to identify or convict the appellant in any manner. The burden of proof is on the appellant to show prejudice. *Swaw v. State,* 3 Tenn.Cr.App. 92, 457 S.W.2d 875 (1970). No prejudice is shown.

■ Moreover, the Trial Judge correctly found that the arresting officers were justified in making a warrantless arrest because the arresting officer had probable cause to believe that the appellant had committed a felony. *Jones v. State,* 161 Tenn. 370, 33 S.W.2d 59 (1930). This finding of the Trial Judge is to be given the weight of a jury verdict and is conclusive in this court unless

we find that the evidence preponderates against the Trial Judge's judgment. *Graves v. State,* 512 S.W.2d 603 (Tenn.Cr. App.1973); *Myers v. State,* 3 Tenn.Cr.App. 414, 462 S.W.2d 265 (1970). We do not find that the evidence preponderates against the Trial Court's finding. Assignment II is overruled.

■ The appellant next complains that the "totality of the circumstances surrounding appellant's line-up" violated his Fifth and Fourteenth Amendment rights. We do not agree.

The victim was shown "old photographs" of the appellant, at approximately 7:00 o'clock A.M. on October 14, about 45 minutes after she was raped. At the line-up, which was held about thirty hours later, the victim identified the appellant. The intruders who came into her trailer remained there long enough for both of them to rape her. There was light in the trailer from outside lighting which enabled her to see the appellant's face clearly. His face was covered with clothing a portion of the time, but the clothing fell from around his face during the rape, when his face was in close proximity to the prosecutrix's face. She knew the appellant, as he had formerly lived in the same trailer park where the victim lived. She described the appellant to the police officers, identifying him sufficiently to enable them to go to the Sheriff's Office and immediately return with his photograph.

The appellant, in support of this assignment, cites *Bennett v. State,* 530 S.W.2d 511 (Tenn.1975). In that case, the Tennessee Supreme Court said:

"While we do not condemn the practice of using mug shots or other photographs during the course of the investigation of a criminal episode, we do not look with favor upon the practice of using such photographs immediately prior to a line-up or show-up". 530 S.W.2d 511, at 515.

The photograph in this case was shown to the victim approximately 30 hours prior to the time of the line-up. This is not "immediately prior to a line-up" within the mean-

ing of *Bennett v. State, supra.* In *Bennett,* only the photograph of the defendant was used, but in this case, several photographs of different persons were shown to the victim.

The appellant complains that he did not have the benefit of counsel at the line-up. The appellant was not entitled to counsel at a pre-indictment line-up as was involved in this case. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

The Trial Judge found that there was no showing that the identification of the appellant was in any way tainted and that the totality of the circumstances surrounding petitioner's line-up did not violate the Fifth and Fourteenth Amendments. The evidence does not preponderate against the Trial Court's judgment and we must overrule this assignment. *Graves v. State, supra; Myers v. State, supra.*

The fourth assignment of error is that, "The Trial Court's refusal to grant the defense motion for a continuance abridges the appellant's right to a fair and impartial trial and his right to compel the attendance of witnesses in his behalf and constitutes an abuse of discretion".

■ He first complains of the Trial Judge's refusal of a motion for a continuance made on the morning of the trial in order to procure a Dr. Pakis as a witness. This identical assignment was considered by this court on the appellant's direct appeal and decided against the appellant. Previously determined grounds for relief are not subject to review by post-conviction proceedings. *Sloan v. State,* 477 S.W.2d 219 (Tenn.Cr.App.1971); *Fuller v. State,* 4 Tenn.Cr.App. 625, 475 S.W.2d 188 (1971).

■ The appellant also claims that the Trial Court erred in refusing to grant a continuance so that a Mr. Woods could be subpoenaed. First, there is no showing that the appellant moved for a continuance to procure the presence of Mr. Woods. The record did show that Mr. Woods was under subpoena, but if he did not appear, this fact is not shown in the Trial Record. In the appellant's brief, it is stated that "[i]t is not

known precisely what benefit defense counsel could have made of Mr. Woods' testimony". There is no allegation that Mr. Woods' testimony was material for any purpose. There is no showing that the appellant sought the presence of Mr. Woods as a witness in the post-conviction hearing to determine the materiality of his testimony. There is no showing that the Trial Judge abused his discretion in failure to grant a continuance to procure the presence of Mr. Woods. We find no merit in this contention. *Bivens v. State,* 4 Tenn.Cr.App. 580, 474 S.W.2d 431 (1971).

Assignment IV is without merit and it is overruled.

■ In Assignment V, the appellant says that he was denied a fair and impartial trial because the burglary indictment was presented to the jury and that he was thereby denied his Sixth Amendment right to a fair and impartial jury. As stated, the appellant was convicted in the same trial of both burglary and rape. This court reversed and dismissed the burglary conviction.

Where several offenses are based upon the same transaction, the State cannot be required to elect to proceed upon the prosecution of one offense or the other. The appellant was not prejudiced by the fact that he was also charged with burglary and convicted thereof, even though the appellate court later reversed and dismissed the burglary conviction. Further, the appellant was not prejudiced in the rape case because the Trial Court failed to grant the appellant's motion to dismiss the burglary case. *See, Halquist v. State,* 489 S.W.2d 88 (Tenn. Cr.App.1972). There is no merit in this assignment and it is overruled.

■ The appellant next claims that his sentence for rape should have been reduced to 3 years instead of 10 years. T.C.A. § 39–3702 prescribes the minimum imprisonment for rape to be 10 years. By Chapter 192, Section 5 of the Public Acts of 1973, the Legislature undertook to amend T.C.A. § 39–3702 by providing the minimum imprisonment for rape to be 3 years. The

1973 Act was declared unconstitutional by the Supreme Court in *State v. Hailey,* 505 S.W.2d 712 (Tenn.1974). In *State v. Collins,* 528 S.W.2d 814 (Tenn.1975), the Supreme Court declared that the minimum penalty for rape remained at 10 years. This assignment is overruled.

We have considered all of the assignments on their merits. However, Assignments II, III and IV were waived when the appellant failed to present them for determination in his original appeal. These assignments could have been presented at that time. The Trial Judge's actions of which complaint is made in these three assignments, were not brought to his attention at trial or on the Motion for a New Trial. They were not before this court on direct appeal, except for the matter of the motion for a continuance to procure Dr. Pakis as a witness. There is no showing which rebuts the presumption that these grounds for relief were waived under authority of T.C.A. § 40–3811, and *Arthur v. State,* 483 S.W.2d 95 (Tenn.1972).

The judgment of the Trial Court is affirmed.

WALKER, P. J., and RUSSELL, J., concur.