**STATE of Tennessee, Appellee,**

v.

**Karl Anthony HICKS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 5, 1981.

William M. Leech, Jr., Atty. Gen., Rhona J. Cartwright, Asst. Atty. Gen., Nashville, W. Fred Axley, Carey Woods, Asst. Dist. Attys. Gen., Memphis, for appellee.

Stanley Fink (at trial and on appeal), Mark A. Saripkin (at trial), Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

Indicted for second degree murder, the appellant, Karl Anthony Hicks, was found guilty of voluntary manslaughter with punishment fixed at confinement from three to ten years in the penitentiary. The jury also found that that offense was committed by the use of a firearm, TCA 39–4914, and fixed an additional five years' imprisonment. On his appeal, the appellant challenges his conviction and the trial judge's refusal to suspend the sentence. We find no merit in the issues presented for review and affirm the conviction and the trial judge's denial of probation.

The state's evidence, which the jury accredited, showed that in the early morning hours of August 5, 1979, the deceased, Willie Vinson, age 19, had an altercation with one Lawrence Brown, a friend of the appellant. In that difficulty the appellant, age 23, struck Vinson but the trouble was actually between Brown and the deceased. Vinson and the appellant were not acquainted before this occasion but Vinson and Brown knew each other. A number of the appellant's relatives and friends were at the scene of the difficulty between Brown and Vinson.

Vinson left and returned a short time later accompanied by his two half-brothers, Larry Walker, age 15, and James Walker, Jr., age 18, and two friends. Vinson wanted these companions because he said he had already been "jumped" by Brown.

When Vinson and his friends appeared, the appellant ran to his car and got a .25 caliber pistol. Michael Jett, one of appellant's cousins, also had a pistol but it apparently was inoperable. Vinson carried a cane for "style" according to his witnesses. He had no weapon.

Vinson and his companions were told to leave and, with the appellant threatening them with his pistol, were beginning to depart. At that point the appellant shot Vinson in the head, fatally wounding him. The autopsy showed that Vinson had .19 per cent alcohol in his blood.

The appellant threw his pistol away and it was not found.

In two signed statements given to police later that morning, the appellant said that Vinson returned carrying a stick and that his companions had sticks and bricks; that he (the appellant) got his pistol to frighten them and that he intended to fire over Vinson's head and did not know that he had struck Vinson until everyone ran.

Testifying in his own defense, the appellant said Vinson shouted threats when he left; that he (appellant) feared Vinson when he returned and that appellant got his pistol and went into his cousin's house; that he did not come out until one of Vinson's companions called him; that he then pointed the pistol toward Vinson and his friends and told them to go home. According to the appellant, as Vinson and his friends were backing away, he saw Vinson move suddenly, as if to go for something. The appellant then discharged his pistol intending merely to shoot over Vinson's head to frighten him. Arthur Jett and Michael Jett, cousins of appellant, as well as Darrell Fletcher, Maurice Sanders and Lawrence Brown, supported the appellant in his testimony that Vinson was the aggressor.

■ There were conflicts in the evidence, but they were resolved in favor of the state by the jury's verdict. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). There was ample evidence from which any rational finder of fact could have found the appellant guilty of this crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Rule 13(e), T.R.A.P. The appellant consistently testified that he tried to shoot over Vinson's head and there was no substantial evidence that the appellant had to shoot Vinson to protect himself from death or great bodily harm. The issue on the sufficiency of the evidence is meritless.

■ The appellant insists that the court erred by permitting a state's witness, James Walker, Jr., on redirect examination to read from his prior statement to the police and point out errors. The appellant cites no authority and this issue is waived. Rule 27(a), T.R.A.P. In any event, we find no error in permitting the witness, after the appellant had sought to impeach him, to read the statement and point out what he claimed to be erroneous in it. Where a witness has been shown to have made a statement contradictory to his testimony, it is proper on redirect to give him the opportunity to state the facts which will explain or reconcile the statement or will show the meaning of the statement which appears to contradict his testimony. *Graham v. McReynolds*, 90 Tenn. 673, 18 S.W. 272 (1891). This issue is overruled.

■ Hicks argues that his second statement to the police was inadmissible because his *Miranda* warnings were not repeated.

At 7:00 a. m. on August 5, after full *Miranda* warnings, the appellant made a statement to an officer which statement is not challenged. After about three hours, another officer who knew of the previous warnings and statement, asked the appellant if he had been advised and understood his rights. When the appellant replied in the affirmative, the officer did not repeat the warnings before questioning him. We find no error in the admission of this statement. *Reaves v. State*, 523 S.W.2d 218 (Tenn.Cr.App.1975).

We likewise find no error in the trial judge refusing to direct a judgment of acquittal on the second degree murder charge. By his conviction of the lesser degree of voluntary manslaughter, it is apparent that Hicks suffered no prejudice as the result of instructions on second degree murder.

The trial judge gave a proper charge on self-defense, all encompassing and thorough. He did not err in refusing to give the appellant's special instruction for which the appellant submits no authority.

Hicks complains of the enhancement of his sentence because he employed a firearm in the commission of the felony. TCA 39–4914. He reasons that TCA 39–4923 repealed TCA 39–4914. We dealt with this precise question in the unreported case of *State v. Calvin Nelson*, filed at Jackson on April 2, 1981, the reasoning of which we reaffirm. Speaking for the court, Judge Dwyer said:

"Appellant reasons that T.C.A. sec. 39–4914 was repealed because the caption of Chapter 793 of the Tennessee Public Acts of 1976 specifically so states. While true, an analysis of the pertinent section of this public act, later codified as T.C.A. sec. 39–4923, indicates that nowhere in the body was that purpose undertaken; therefore, the act is not a repealing statute, *Hunter v. Conner*, 152 Tenn. 258, 270, 277 S.W. 71 (1925), and that portion of the caption of the public acts is merely surplusage. *Goetz v. State [Smith]*, 152 Tenn. 451, 458, 278 S.W. 417 (1925).

"Neither has T.C.A. sec. 39–4914 been repealed by implication due to the enactment of T.C.A. sec. 39–4923. T.C.A. sec. 39–4914 in part covers situations where a person *employs* a firearm while committing a felony and is not a substantive offense but rather an enhancement of punishment statute. On the other hand, T.C.A. sec. 39–4923 connotes a substantive offense for anyone to *possess* a firearm of any character while committing, attempting to commit, or conspiring to commit a felony. The former requires a using of the weapon in committing a felony, the latter, possession only. Consequently, we hold that T.C.A. sec. 39–4914 was not repealed by implication with the enactment of T.C.A. sec. 39–4923."

Finally, we find no error in the trial judge refusing to suspend the appellant's sentence. After an evidentiary hearing at which the trial judge considered all of the testimony as well as the probation report, he denied a suspended sentence largely on the grounds that the offense was a crime of violence. He did not abuse his discretion on this record. *State v. Grear*, 568 S.W.2d 285 (Tenn.1978).

Affirmed.

TATUM and CORNELIUS, JJ., concur.