**STATE of Tennessee, Appellee,**

v.

**Mary BYERLEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 24, 1983.

Permission to Appeal Denied by Supreme Court Oct. 11, 1983.

Frank L. Slaughter, Bristol, for appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, R. Jerry Beck, H. Greeley Wells, Asst. Dist. Attys. Gen., Blountville, for appellee.

## OPINION

DWYER, Judge.

Appellant appeals from *convictions* for committing murder in the second degree and using a firearm in the commission of a felony, with consecutive sentences set at twenty years and five years, respectively. The judgment is corrected to state a conviction for second degree murder, with a twenty year sentence, enhanced five years for the use of a firearm in the commission of the felony. *State v. Hudson,* 562 S.W.2d 416 (Tenn.1978).

The record in this case encompasses over six-hundred pages of testimony, many amendments to the motion for new trial, and affidavits in regards to newly discovered evidence. Among the numerous issues raised by appellant are issues as to whether the evidence suffices to support the verdict. With this in mind, the facts of the case will be narrated.

Appellant and the deceased were husband and wife and resided in Kingsport. On the evening of February 24, 1981, the decedent was shot and killed in his home by his wife, the appellant. When an officer arrived around 6:40 p.m., the appellant met him at the door and said, "He's in the basement", and "I shot him." The officer found the decedent lying on the basement floor. He had been shot four times. The fatal shot entered his back and struck the aorta. The officer testified that appellant appeared excited but did not appear to be injured or hysterical.

The appellant, testifying in her own behalf, related that the appellant accosted her in the basement and physically attacked her. There were a number of guns lying around the basement, and in her own self-defense she picked up a .25 Browning automatic pistol and shot her husband. She related a history of abuse by decedent during their eighteen or more years of marriage, including descriptions of physical beatings and sexual perversion. Witnesses called by the defense depicted decedent as having a bad reputation. In rebuttal, the State presented witnesses who portrayed decedent as a person of good reputation.

A firearms expert from the F.B.I. testified that tests conducted on the .25 caliber gun used to kill the decedent indicated that it would leave powder residues on an object fired upon within four and one-half feet. The shirt decedent was wearing at the time he was shot had no powder residues around the bullet holes.

At the time of the slaying, decedent was enjoined from communicating with or being around appellant by a restraining order issued as part of their divorce proceeding.

The State adduced evidence in which appellant had made threats to kill the decedent. She showed a private detective hired by her a small gun and told him that she could kill decedent and get away with it. To others she stated that decedent was having an affair and she would not tolerate it. One witness testified that she told him that her husband's business was worth one million dollars and she was going to get it all.

█ A plea of self-defense is a question for the jury. They have, by their verdict, rejected her plea of self-defense. *State v. Story,* 608 S.W.2d 599 (Tenn.Cr. App.1980). The use of a deadly weapon supports the finding of malice necessary for a conviction of murder in the second degree. *Wilson v. State,* 574 S.W.2d 52 (Tenn.Cr. App.1978). On appeal, the evidence is viewed in the strongest legitimate light to the theory of the State. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). The evidence, as narrated, is ample to support the T.R.A.P. 13(e) requirements. The evidence issue is overruled.

█ The appellant's subpoena for the district attorney was quashed before the trial. The appellant wished to prove that

she had sought the district attorney's protection months before the slaying. She urged at the trial level that such testimony was admissible as a verbal act. The trial court disagreed and we support that finding. On appeal, appellant now urges that such evidence was admissible to show her state of mind at the time of the fatal encounter. The ground was not argued in the trial court and it cannot be raised on appeal. *Dotson v. State,* 2 Tenn.Cr.App. 388, 454 S.W.2d 174 (1970); *Goines v. State,* 572 S.W.2d 644, 649 (Tenn.1978). This issue is overruled.

█ Appellant next argues that she was deprived of a fair trial due to prosecutorial misconduct. She cites several instances of alleged misconduct. The prosecutor used the term, "In all honesty" in addressing a question to the appellant as to whether she could be more specific about an answer. When appellant testified that she did not tell an officer that she shot the decedent, the prosecutor then said, "He's lying too". He later asked appellant the question: "Was not a guardian *ad litem* appointed for your children?" Objections to all three of these statements were sustained and prompt instructions were given to the jury to disregard them. The prosecutor apologized for the first statement and the court admonished him for making the third statement. In view of these actions, the appellant was not prejudiced and any error was harmless beyond a reasonable doubt. Tenn.R.Crim.P. 52(a); T.R.A.P. 36(b). Appellant also complains of certain acts in relation to medical records adduced by the appellant, but likewise, any error here was not prejudicial. Appellant's final argument in this area deals with a question aimed at one of appellant's witnesses as to whether he had an interest in the lawsuit. No objection was made at trial; moreover, there was no error in asking a question which might prove bias. This issue is overruled.

█ There is no evidence in the record to support appellant's contention that she was denied a fair trial as a result of the courtroom atmosphere. *Dearborne v. State,* 575 S.W.2d 259 (Tenn.1978). This issue is overruled.

█ The failure of trial court to sequester rebuttal witnesses was not error. *Bryant v. State,* 503 S.W.2d 955 (Tenn.Cr.App.1973). Nor do we feel that the trial court abused its discretion in controlling the examination of these witnesses. These issues are overruled.

█ There was no error in allowing an assistant attorney general who participated in the investigation to be called in rebuttal. The need for his testimony was apparently not anticipated until a defense witness denied statements allegedly made in his presence. Moreover, there was no objection to his testimony. The issue is therefore waived. *Bowman v. State,* 598 S.W.2d 809 (Tenn.Cr.App.1980).

█ The next group of issues concerns alleged improprieties in the State's final argument which, appellant urges, caused a denial of her right to a fair trial. We note at the outset that an appellant ordinarily may not complain about allegedly improper argument in the absence of a contemporaneous objection at trial. *State v. Sutton,* 562 S.W.2d 820, 825 (Tenn.1978). We also note that curative instructions will not render all improper comments harmless; the test is whether the conduct could have affected the results to the prejudice of the appellant. *Judge v. State,* 539 S.W.2d 340 (Tenn.Cr.App.1976). These issues are treated in seriatum fashion below.

█ 1. It was not improper for the State to argue that "His wife placed a value on his business at an excess of a million dollars." A witness for the State testified to this. There is no error here.

█ 2. The prosecutor commented that the decedent bought his home. Objection was made and sustained on the grounds that there was no evidence as to who bought the home. In light of the circumstances, this could not be seriously urged as affecting the results.

3. Appellant objected to a comment by the State that decedent was not in court to defend himself on the restraining order issued as part of a divorce proceeding. This was not error because the evidence supports this comment.

4. The State argued the substance of what decedent would testify to if present in court. No objection was made; this issue is waived.

5. The comment that decedent was retreating when shot was not an improper inference based on the evidence. Moreover, no objection was made.

6. It was not improper for the State to argue that a certain construction company was decedent's business. There was circumstantial evidence in the record to support this inference.

7. The State argued that decedent did not know that the gun was in the basement. This was a permissible inference from the evidence. Moreover, no objection was made, and the issue is thus waived.

8. In responding to appellant's statement that this case was being prosecuted due to peer pressure, the State said: "Is a grand jury some kind of peer pressure?" This comment was error. *See Montesi v. State,* 220 Tenn. 354, 417 S.W.2d 554 (1967). However, the comment was apparently intended to rebut appellant's argument and does not appear to have been calculated to prejudice the jury. The trial judge admonished the prosecutor that he was getting outside the record and later charged the jury in his instructions that the indictment was not evidence against the appellant and created no inference of guilt. We also note that, unlike the *Montesi* case, the evidence of guilt in this case is strong. We conclude that this error is unlikely to have affected the results and is harmless beyond a reasonable doubt. Tenn.R.Crim.P. 52(a); T.R.A.P. 36(b).

9. The complaint as to the State's argument that appellant told the jury to ignore their duty is waived because no objection was entered.

10. The State commented that in order to acquit the appellant they must hate the decedent. The trial court sustained appellant's objection on the grounds that the statement was not the law. This did not affect the results.

11. The appellant complains about the State's comment that appellant lacked knowledge about insurance. With no objection raised at trial, the issue is waived.

While we have stated that there were questionable statements made by the prosecutor, it must be remembered this was a hard-fought lawsuit. In such quarters, advocates may go to the line and sometimes a little beyond in arguing their cause. The trial court sustained objections, gave curative instructions, and in some instances no objection was advanced. Summed up, these arguments did not affect the results. *Judge v. State, supra.* The issues are overruled.

The appellant next urges that the attorney general's comment that appellant "wasn't complaining about being injured" was an improper remark on her right not to give a statement to investigating officers. The State argues that the comment was made in response to appellant's attack on cross-examination of the doctor who examined decedent's body because he did not check for evidence that decedent had struck appellant. Appellant raised the issue; she cannot complain because the State responded. Moreover, the record indicates that appellant's objection was not contemporaneous with the State's comment; any error was therefore waived. *State v. Sutton, supra.* The issue is overruled.

The appellant next objects to the following portion of the trial court's charge pertaining to the restraining order:

"A party to whose benefit a restraining order inures could not ordinarily complain as to an alleged violation of such order by the adverse party if the beneficiary of such order directly or impliedly consented to such alleged violation."

Support for this instruction may be found in 43A C.J.S. Injunctions § 292 (1978). It was appropriate in light of the possible inference from the evidence that appellant waived her right to prohibit decedent from entering the premises. The issue is over-ruled.

 The appellant next argues that a motion for a mistrial was improperly denied based on the fact that the jury found the appellant guilty of murder in the second degree and sentenced her to not less than fifteen nor more than twenty-five years. The court rejected this verdict because second-degree murder requires a determinate sentence. The jury subsequently returned a determinate sentence of twenty years imprisonment. The trial court was under an affirmative duty to require the jury to amend its imperfect verdict. *Jones v. State*, 526 S.W.2d 130, 134 (Tenn.Cr.App. 1975). The mistrial motion was properly denied, and this issue is without merit.

 The last issue is whether the trial court erred in overruling appellant's motion for a new trial based on newly discovered evidence. This issue is not properly before the court because the affidavits in support of the motion were merely attached to the motion for new trial in what was formerly designated as the technical record. *Krause v. Taylor*, 583 S.W.2d 603 (Tenn. 1979). Furthermore, we have examined the affidavits and determined that they are merely cumulative or corroborative and would not affect the results. *Cason v. State*, 503 S.W.2d 206 (Tenn.Cr.App.1973). One affidavit by an attorney for appellant as to a statement by another person that he had films of decedent is pure hearsay. The issue overruled, the judgment of the trial court, as modified, is affirmed.

CORNELIUS and SCOTT, JJ., concur.