**STATE of Tennessee, Appellee,**

v.

**Bert Edward WORKMAN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 31, 1989.

Seth Norman, Nashville, for appellant, Bert Edward Workman.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles E. Bush and Rosemary Sexton, Asst. Attys. Gen., Nashville, for appellee.

## OPINION

REID, Judge.

This case presents an appeal as of right from conviction of selling more than 200 grams of a Schedule II controlled substance while in possession of a firearm.

Appellant asserts that the indictment was duplicitous, that he was convicted of two offenses on a one-count indictment.

The indictment charges:

That Bert Edward Workman heretofore, to wit, on the 11th day of March, 1980 ... did sell a certain controlled substance, to wit: Methaqualone in an amount in excess of 200 grams said drug being defined as a controlled substance in schedule II of section 52–1415 Tennessee Code Annotated. Said sale being made while in possession of a firearm, to-wit: One Smith and Wesson .357 magnum revolver, in violation of section 39–4923 Tennessee Code Annotated. The said sale being made ... in violation of section 52–1432(a) Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee.

The State contends that pursuant to Rule 12(b)(2), Tennessee Rules of Criminal Procedure, any defect in the indictment was waived because the appellant did not attack the indictment by pretrial motion. However, the record shows that the issue was raised and considered by the court as permitted by Rule 12(f). When the case was called for trial, the court initiated a discussion with counsel in which the court stated that since the indictment charged the offense occurred in 1980 the Sentencing Reform Act would not be applicable and the jury would assess punishment upon a finding of guilty. Then followed a discussion as to the range of punishment, in which counsel for the appellant stated:

Now they have embraced both violations in—in a one count indictment. It would have to be two separate counts if the—one, if he did it, and then, two, in the violation, or is he merely charged with Section 39–4923 [T.C.A. § 39–6–1710(b) ]?

The court responded:

It is not a separate charge. It is an enhancement of that same section. That's why, I believe, that it is not necessary to charge it in a separate count.

Upon completion of the proof, in which the State presented evidence and the appellant admitted he sold one thousand "Quaaludes," a Schedule II controlled substance, the court stated:

I will charge both selling Methaqualone in the amount of two hundred grams or more while possessing a firearm, and I also charge selling Methaqualone in the amount less than two hundred grams while possessing a firearm. I guess generally that's basically what the charge will be.

When the jury completed its deliberation, the court inquired:

Members of the Jury, have you reached a verdict in the case of the *State of Tennessee versus Bert Edward Workman* wherein he was charged with the offense of selling a Schedule II controlled substance, to-wit: Metha—Methaqualone, two—two hundred grams or more while in the possession of a firearm?

The jury responded:

We, the jury, find the Defendant guilty of selling a Schedule II controlled substance, to-wit: Methaqualone, in the amount of two hundred grams or more and fix the punishment at twenty-five (25) years imprisonment in the Tennessee

State Penitentiary and assess a five thousand dollar ($5,000.00) fine.

The Court further inquired:

All right Mr. Scruggs, what is the verdict of the jury as it relates to the possession of a firearm during the commission of a felony, please, sir?

The jury responded:

We, the jury, find the Defendant did possess a firearm at the time of said sale and fix his punishment at not less than four (4) years nor more than five (5) years confinement to the Tennessee State Penitentiary.

The court entered judgment as follows:

Therefore, the verdict of the jury becomes the judgment of the Court. The Court finds you guilty of selling a controlled substance, to-wit: Methaqualone, a Schedule II controlled substance, and fix your punishment at twenty-five years confinement in the Tennessee State Penitentiary, in addition thereto a five thousand dollar fine.

It is the further judgment of this Court based upon the verdict of the jury that they found—that you did possess a firearm at the time of said sale, the punishment fixed by the jury is not less than four years nor more than five years. The Court in its opinion is going to run that sentence concurrent, the four to five year sentence for possessing a firearm at the time of said sale . . . is to run concurrent with the twenty-five year sentence that the Defendant received for selling Methaqualone in excess of two—two hundred grams or more. There is also assessed a five thousand dollar fine.

The court overruled the motion for new trial in which the appellant charged the indictment was duplicitous. However, citing *State v. Hicks,* 629 S.W.2d 908 (Tenn. Crim.App.1981), as authority, the court amended the order stating the indictment was duplicitous but "the error was harmless beyond a reasonable doubt."

The indictment makes reference to three statutes. T.C.A. § 52–1415, presently T.C.A. § 39–6–408, lists Schedule II controlled substances, including Methaqualone. T.C.A. § 52–1432(a), presently T.C.A.

§ 39–6–417, makes unlawful the sale of Schedule II substances and states the penalties. Another statute, T.C.A. § 39–4914, which does not appear in the indictment but is relevant to the issue, and T.C.A. § 39–4923, the third statute charged, presently are codified as subsections (a) and (b) as follows:

39–6–1710 *Use* or *possession* of firearms or explosives in committing or escaping from a felony.—(a)(1) Any person who *employs* any firearm or any explosive device while committing or escaping from a felony is guilty of a felony, and on conviction of the first offense shall be punished by imprisonment in the penitentiary for five (5) years and on conviction of a second offense shall be punished by imprisonment in the penitentiary ten (10) years.

(2) . . .

(3) The period of confinement imposed by this subsection shall be in addition to any penalty provided by law as punishment for any other felony, and shall run consecutively, and not concurrently, with any other period of confinement.

(4) . . .

(b)(1) Any person *possessing* a destructive device as described in § 39–3–711 or a firearm of any character while committing, attempting to commit, or conspiring to commit a felony shall be guilty of a felony, and on conviction thereof shall be imprisoned in the state penitentiary for a term of not less than two (2) nor more than five (5) years.

(2) A term of imprisonment imposed under the provisions of this subsection shall be in addition to any other punishment provided by law for any other felony, and shall be served consecutively to any other period of confinement. [T.C.A. (orig. ed.), §§ 39–4914, 39–4923.] (Emphasis added)

The determinative issue is whether subsection (b) defines a separate offense or provides for the enhancement of punishment. In *State v. Hudson,* 562 S.W.2d 416 (Tenn.1978), the Supreme Court held subsection (a) of the above statute

does not create a new felony, but, instead amends by implication our other

felony statutes, with the exception to be discussed, infra, by adding a proviso to each such statute that if such felony is committed by means of using a firearm the offender shall, in addition to the punishment regularly prescribed for such felony, be further punished as set out in this statute, T.C.A. § 39–4914. *Id*, at 419.

As construed in *Hudson*, subsection (a) does not create a separate offense but provides for an enhanced punishment of five years (ten for a second offense) for any person who *employs* any firearm while committing a felony.

Appellant, relying upon *State v. Hicks*, *supra*, contends that subsection (b) defines a separate criminal offense of which he was found guilty. The issue before the court in *Hicks* was whether the enactment of subsection (b) of § 1710 repealed subsection (a); the court held that it did not. The statement in *Hicks* that subsection (b) of that statute "connotes a substantive offense" was not necessary to the decision in that case and appears to be inconsistent with the decision in *Hudson* and other cases decided by this Court.

In *Nease v. State*, 592 S.W.2d 327 (Tenn.Crim.App.1979), the Court noted the holding in *Hudson* that subsection (a) "does not create a separate offense but provides for enhanced punishment for one who employs a firearm as a means of committing a felony" and held that subsection (b) is not a lesser included offense of subsection (a). In *State v. Delbridge*, 630 S.W.2d 626 (Tenn.Crim.App.1981), filed shortly before *Hicks* but published after *Hicks*, in which the defendant was convicted of second degree murder by use of a firearm, the Court again rejected the argument that enactment of subsection (b) repealed subsection (a). In explaining the relationship between the statutes, the Court stated: "[W]e are satisfied that the legislature intended a specific penalty of greater severity for the *employment* of a firearm while committing a felony than simply for its *possession* while engaged in that activity." (Emphasis added) *Id.*, at 629.

■ There appears to be no reasonable basis upon which subsection (a) can be, as held in *Hudson*, an enhancing provision, and subsection (b) be held, as contended by Appellant, to state a separate offense. Based on the holding in *Hudson*, subsection (b), did not create a felony, but, instead amended by implication certain other felony statutes including T.C.A. § 39–6–417 by adding a provision that if such felony is committed by any person in *possession* of a firearm the offender shall, in addition to the punishment regularly prescribed for such felony, be further punished as set out in T.C.A. § 39–6–1710(b)(1).

The indictment in the case before the Court charges only one offense, selling more than two hundred grams of a Schedule II controlled substance while in possession of a firearm, and is not duplicitous. The appellant was convicted of only the offense charged.

■ The verdict of the jury is in proper form. The jury imposed a sentence of 25 years on the conviction for selling a Schedule II controlled substance and enhanced the punishment not less than four years nor more than five years for possession of a firearm during the commission of the offense. However, the court ordered that the enhancement be served concurrently rather than consecutively, as required by T.C.A. § 39–6–1710(b)(2) [T.C.A. § 39–4923].

The judgment of the trial court is revised to provide that the sentence of not less than four nor more than five years be served consecutively to the sentence of twenty-five years. *State v. Chambers*, 567 S.W.2d 461 (Tenn.1978); *State v. Hudson*, *supra; State v. Byerley*, 658 S.W.2d 134 (Tenn.Crim.App.1983); and *State v. Delbridge*, *supra.*

The conviction is affirmed and the sentence is modified.

SCOTT, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.