916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse Eugene HARRIS, Petitioner-Appellant,
v.
Hartwell R. HATFIELD, Respondent-Appellee.
 No. 90-5152.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Jesse Eugene Harris appeals an order of the district court which dismissed his petition for a writ of habeas corpus. Based upon a review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In December 1987, a Tennessee criminal court jury found Harris guilty of six counts of armed bank robbery. Based upon the jury's further finding that Harris was a persistent felony offender, his sentence was enhanced to a total of 90 years imprisonment. He subsequently challenged the validity of his convictions and sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the United States District Court for the Middle District of Tennessee. As the petition failed to disclose that Harris had taken a direct appeal to the Tennessee Supreme Court, the district court ordered its dismissal for failure to exhaust state remedies. Harris disputed that conclusion in a motion to alter or amend judgment in which the submitted documentation that the Tennessee Supreme Court had denied his application for permission to appeal. Despite that information the district court denied the motion to alter or amend judgment on the ground that Harris could obtain further review of his claims in state court by filing a proceeding for post-conviction relief. Harris then filed this appeal.
 
 
 4
 A petitioner for habeas relief can satisfy the requirement that he exhaust available state remedies by presenting the factual and legal substance of his claims to the highest available level of state court review. Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). Harris satisfied that requirement by filing a direct appeal with both the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court. Contrary to the district court's conclusion, he is not required to renew his claims in state court by filing a petition for post-conviction relief pursuant to Tenn.Code Ann. Sec. 40-30-101 et seq. Having presented his claims on direct appeal, Harris is not required to raise them a second time in another state proceeding. Tuggle v. Seabold, 806 F.2d 87, 91 (6th Cir.1986). Furthermore, Tennessee courts have held that issues considered on direct appeal are not cognizable in a proceeding for post-conviction relief. See Roach v. Moore, 550 S.W.2d 256, 260 (Tenn.Cr.App.1977). The exhaustion requirement does not obligate a petitioner to pursue a technically available, yet clearly futile, state remedy. Keener v. Ridenour, 594 F.2d 581, 589 (6th Cir.1979). Harris's pursuit of a direct appeal before the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court was sufficient to exhaust state remedies.
 
 
 5
 Accordingly, the district court's order dismissing the petition for a writ of habeas corpus is hereby vacated and the case is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation